No. 1,095.

## KILLION v. HULEN.

EVIDENCE.—*Sufficiency of.*—*Judgment.*—Where the evidence is conflicting, it is for the jury to determine the facts proven, and their determination will not be reviewed on appeal.

INSTRUCTIONS TO JURY.—*Exceptions to.*—*How Saved.*—*Filing.*—Where written instructions have been given to the jury, or refused, and the proper exceptions taken, which are dated and signed by the judge, the record must show that the instructions were filed as a part of the record of the cause, or there will be no question saved, relating thereto, on appeal.

From the Daviess Circuit Court.

*A. J. Padgett* and *J. W. Ogdon,* for appellant.

*W. R. Gardiner, C. G. Gardiner, J. H. O'Neal* and *M. G. O'Neal,* for appellee.

Ross, J.—The appellee sued the appellant to recover damages for the breach of a marriage contract.

The complaint is in two paragraphs, alike in general allegations, but differing only as to when the contract was to be performed.

In the first paragraph it is alleged that the appellant promised and agreed to marry appellee "on request," while in the second paragraph the allegation is that he promised to marry her, "but no particular day for the onsummation of such marriage was fixed between them."

The appellant answered in two paragraphs, the first being a general denial, and the second that the contract had been mutually rescinded and appellant released. There was a trial by jury and a verdict for the appellee, upon which the court rendered judgment.

The appellant assigns but one error in this court, namely: "That the court erred in overruling appellant's motion for a new trial."

The evidence, although conflicting, is sufficient to sustain the verdict. Where the evidence is conflicting, it is for the jury to determine the facts proven, and their decision will not be reviewed by this court.

We do not concur in counsel's contention that the evidence fails to show a contract of marriage. The appellee testified that the appellant asked her to be his wife and that she consented thereto. The time and manner of his courtship do not rest upon appellee's testimony alone, but are corroborated by many witnesses. The appellant himself was a witness, and corroborated the appellee's testimony in most particulars, denying, however, that he ever asked her to be his wife.

There was a breach of the contract when the appellant married another. *Hunter* v. *Hatfield*, 68 Ind. 416.

The damages assessed are not excessive.

It is next urged that the court erred in giving to the jury, of its own motion, instructions number five, seven and nine, and in giving each of them.

The instructions are not made a part of the record by a bill of exceptions, but are simply copied into the record by the clerk, following a recital made by him, but which is not a copy of any order-book entry in the cause, "that the court's instructions to the jury in the above entitled cause were in writing, and are in the words and figures as follows, to wit:

Section 535, R. S. 1881, provides that a party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to write on the margin, or at the close of each instruction, 'refused, and excepted to,' or 'given, and excepted to'; which memorandum shall be signed by the judge, and dated.

Under this section, it is necessary in order to save an exception to the giving of instructions, or the refusal

thereof, that the exception be written on the margin of the instruction, dated and signed by the judge. The instructions complained of in this case, had the exceptions properly indorsed on the margin and were dated and signed. This alone, however, does not make them a part of the record in the cause.

Section 533, R. S. 1881, provides that the instructions given, if in writing, shall be filed as a part of the record.

It has been held repeatedly by this court and the Supreme Court that under this provision of the statute, in order to save any question on appeal, the record must show, in some manner, that the instructions were filed as a part of the record of the cause. *Beem* v. *Lockhart,* 1 Ind. App. 202; *Conduitt* v. *Ryan,* 3 Ind. App. 1; *Steeg* v. *Walis,* 4 Ind. App. 18; *Harlan* v. *Brown,* 4 Ind. App. 319; *Lockwood* v. *Beard,* 4 Ind. App. 505; *Starnes* v. *Schofield,* 5 Ind. App. 4; *Supreme Lodge Knights of Honor* v. *Johnson,* 78 Ind. 110; *O'Donald* v. *Constant,* 82 Ind. 212; *Hadley* v. *Atkinson,* 84 Ind. 64; *Heaton* v. *White,* 85 Ind. 376; *McIlvain* v. *Emery,* 88 Ind. 298; *Elliott* v. *Russell,* 92 Ind. 526; *Olds* v. *Deckman,* 98 Ind. 162; *Eslinger* v. *East,* 100 Ind. 434; *Landwerlen* v. *Wheeler, Trustee,* 106 Ind. 523; *Blount* v. *Rick,* 107 Ind. 238; *Childress, Admx.,* v. *Callender,* 108 Ind. 394; *Fort Wayne, etc., R. W. Co.* v. *Beyerle,* 110 Ind. 100; *Silver* v. *Parr,* 115 Ind. 113; *Louisville, etc., R. W. Co.* v. *Wright,* 115 Ind. 378; *Butler* v. *Roberts,* 118 Ind. 481; *VanSickle* v. *Belknap,* 129 Ind. 558.

The recital of the clerk "that the court's instructions to the jury, in the above entitled cause, were in writing and are in the words and figures as follows, to wit:" does not show that these instructions were filed as a part of the record. They were not a part of the record unless filed. There is nothing in the record before us to

show that the instructions were filed, hence they are not a part of the record, and we can not consider them.

This disposes of every question presented, and we find no error warranting a reversal of the judgment of the court below.

Judgment affirmed.

Filed Jan. 3, 1894.