No. 1,246.

## CHAPPLE *v.* DAVIS ET AL.

PARTNERSHIP.—*Scope of Business.—Livery Stable.—Note.—Sufficiency of Evidence.*—Where a partnership is formed for the purpose of conducting a livery business, the buying, selling, and bartering of horses are not transactions beyond the scope of the partnership; and where a note growing out of such a transaction purported to have been executed by the partnership, and there is evidence tending to prove that it was so executed, the verdict will not be disturbed on the weight of the evidence.

INSTRUCTIONS TO JURY.—*When not Misleading. — Burden of Proof.*—Where an instruction, after stating that the burden was on the plaintiff to establish the material allegations of his complaint, or some paragraph thereof, by a preponderance of the evidence; also, that "the burden is on the defendant to establish the material allegations of his answer [general denial and *non est factum*], or some paragraph thereof, by the preponderance of the evidence given in support of the same,"—the instruction, though not commendable, when construed with all the instructions given, and especially with a subsequent one stating that the plaintiff must show by a preponderance of all the evidence in the cause that defendant executed the note, or that the same was executed with his authority, before he could recover, was not misleading to the jury.

From the Clinton Circuit Court.

*R. W. Irwin* and *J. V. Kent,* for appellant.

*O. E. Brumbaugh* and *J. Combs,* for appellees.

Lotz, C. J.—The appellee Davis was the plaintiff below. He stated his cause of action in five paragraphs of complaint. The first paragraph declares an implied promise to pay the balance due on account of a team of horses alleged to have been sold and delivered by him to the appellant and one Norman Fry.

The second paragraph is based on a promissory note, alleged to have been executed by the appellant and Fry, as partners, by their firm name of Chapple & Fry..

The third paragraph is the same as the first, except that it declares upon an express promise, and alleges that Chapple & Fry were partners.

The fourth paragraph is based on a promissory note. It alleges that Chapple & Fry executed the note payable to the order of the appellee; that the appellee sold and indorsed the same to one Carter; that Carter sold and indorsed it to one Woody; that Woody instituted a suit on said note before a justice of the peace against the said Chapple & Fry as the makers, and the appellee and Carter as indorsers; that said cause was dismissed as to the appellant, and that said Fry was not served with process; that judgment was rendered against the appellee and Carter on account of their indorsements; that the appellee was compelled to, and did, pay said judgment and costs, and that he thereby became the owner of the note and entitled to sue thereon.

The fifth paragraph is, in substance, the same as the fourth, the prayer being that the appellee be subrogated to the rights of Woody. Carter and Woody were made parties defendant to answer to any interest they might have in the controversy. They each disclaimed any interest. Fry was defaulted. The appellant answered the entire complaint, first, by the general denial; secondly, a former adjudication. To the second, fourth, and fifth paragraphs he filed an answer of *non est factum*. The ap-

pellee replied in general denial. The jury returned a general verdict in favor of the appellee and against the appellant, in the sum of $140.

The only error assigned is the overruling of the motion for a new trial. It is first contended that there is no evidence whatever in the record tending to support the verdict. It appears from the evidence, that the appellant and Norman Fry were partners in the livery business, in the town of Russiaville, Howard county, the firm name being Chapple & Fry. One Zachary Chapple, a brother of the appellant, was in the employment of the firm, and assisted in managing the business. The appellee, a farmer living a few miles distant, was the owner of two horses. In the absence of both Fry and the appellant, the said Zachary Chapple and appellee entered into negotiations for an exchange of the horses for a pony, then in the stable and used in said business. It was agreed that the horses should be exchanged for the pony and $100. About the time the terms of the trade were agreed upon, Fry came to the stable and was informed of the trade and consented thereto. The appellee left the horses at the stable and rode the pony away. In the afternoon of the same day Zachary Chapple went to appellee's home and delivered to him a note for $100, signed "Chapple & Fry," being the same note declared on in the complaint and given on account of said trade. There was evidence which tended to show that the horses were afterwards used in said business by Chapple & Fry. There was also evidence which tended to prove that the pony was the individual property of Fry, and that the trade was made by and for Fry and Zachary Chapple. There was also evidence from which the jury might conclude that the trade was made for and on account of the firm of Chapple & Fry.

The appellant earnestly contends that even though it

be conceded that the trade was made for the firm it was a transaction beyond the scope of the partnership, and is not binding upon him; that trading horses and conducting a livery business are two distinct businesses.

In this contention we do not agree. The most essential things in conducting the livery business are horses or other domestic animals, which may be used in transporting persons and property. The trade resulted in procuring horses which, the evidence tended to show, were actually used in and about said business. It was just as essential to have horses as to have hay and corn and a place in which to conduct said business. As there was some evidence which tended to prove that the note was executed by said firm, we are not warranted in disturbing the verdict on the weight of the evidence.

Another cause for a new trial is that the court erred in giving to the jury, of its own motion, instruction No. 1.

This instruction, among other things, contains the following: "Under the issues formed the burden is upon the plaintiff to establish the material allegations of his complaint, or some one paragraph thereof, by a preponderance of the evidence given in the cause. And the burden is upon the defendant to establish the material allegations of his answer, or some paragraph thereof, by the preponderance of the evidence given in support of the same."

It is insisted that this instruction is misleading in view of the issues; that it told the jury that the burden of proving the general denial and the answer of *non est factum* was on the defendant.

This instruction is not to be commended. The court, in a subsequent instruction, expressly stated to the jury that the appellee must show "by a preponderance of all the evidence in the cause, that Jeptha Chapple executed

said note, or that said note was executed with his authority,'' before he was entitled to recover.

We are of opinion that where the instructions are all taken together, the jury were not misled by the one complained of.

The appellant complains of the giving, and of the refusal to give, several other instructions. The court instructed the jury fully.

After a careful consideration of all, we think the case was presented to the jury as favorably for the appellant as the evidence and issues warranted.

Judgment affirmed, at costs of appellant.

Filed Oct. 11, 1894.