Dorsett v. The City of Greencastle.

⸻ ♦ ⸻

No. 17,202.

DORSETT v. THE CITY OF GREENCASTLE.

ASSIGNMENT OF ERRORS.—On Ruling Not Excepted to, and Waived.—Supreme Court Practice.—Where a demurrer was sustained to the original complaint, and, without excepting to such ruling, the plaintiff filed an amended complaint, to which a demurrer was sustained and exception reserved, an assignment of error on appeal "that the court erred in sustaining the demurrer to the appellant's complaint," is upon the ruling to which no exception was taken and which was waived by the filing of the amended complaint, and thus presents no question.

DEMURRER.—Joint.—When Insufficient.—A joint demurrer to two paragraphs of a pleading can avail nothing unless both paragraphs are insufficient.

PLEADING.—Complaint.—Personal Injury.—No Breach of Duty Shown.—City.—That the complaint in an action against a city for personal injuries sustained by falling from private premises over a bank made by grading a street is insufficient and shows no breach of duty on the part of the city, see opinion.

From the Putnam Circuit Court.

C. C. Matson and J. W. Layne, for appellant.

T. F. Moore, for appellee.

HACKNEY, J.—The appellant sued the city for personal injuries sustained in falling from the lot of another into a street newly but properly graded to the depth of six

feet below the surface of the lot.    The alleged negligence of the city is in the failure of its contractor to put a barrier along the lot's line or to maintain a light or other warning of danger.    It is alleged, however, that a plank sidewalk, formerly maintained in the line of the street, had been placed upon its edge on the lot, at the side of the street excavation, and at an angle of forty-five degrees, slanting toward the street, and, that the appellant, believing the walk to be in its accustomed place, stepped upon it and "was thrown violently upon said sidewalk, and then slipped and fell into the excavation made for said street."    It is not a possible theory of the action that the appellant was a traveler upon the street at the time of the occurrence; nor that the injury was caused by any obstruction in the street; nor that the excavation, though characterized as a pitfall, was improper or unauthorized.    Nor was it alleged that the appellant was approaching the street to become a traveler upon it, and it did not appear that she was rightfully upon the premises.

The record discloses affirmatively that a demurrer was sustained to the original complaint, without an exception to the ruling, and that an amended complaint, in two paragraphs, was subsequently filed, to which paragraphs a demurrer was sustained and exception reserved. The assignment of error in this court is "that the court erred in sustaining the demurrer to the appellant's complaint."

It thus appears that the assignment of error is upon the ruling to which no exception was taken, and which was waived by the filing of an amended complaint, and it further appears that if the assignments were considered as relating to the ruling upon demurrer to the amended complaint, it is joint as to the paragraphs, and if either paragraph should be held insufficient both

paragraphs would be carried down. *Noe* v. *Roll*, 134 Ind. 115; *Ketcham* v. *Barbour, Exr.*, 102 Ind. 576.

The facts, as we have stated them, are those pleaded in the first paragraph of amended complaint, which paragraph, though it differs but slightly from the second, the appellant's counsel concede is insufficient. This concession, under the assignment of error, would preclude a consideration of the second paragraph. But waiving, for the moment, this concession and the absence of an assignment of error in ruling upon the demurrer to the amended complaint, we may suggest the serious doubt of the sufficiency of the complaint. Negligence involving no breach of duty is an anomaly not known to the law, and counsel have not suggested, nor does the pleading disclose, a duty resting upon the city to so guard the premises of a citizen as to protect him, or a trespasser, from falling therefrom to the street. The rule requiring cities to keep their streets in a reasonably safe condition for public travel does not suggest a duty as to one who is not a traveler, and, as we have said, the complaint before us makes no allegation as to the imperfection of the street or that its changed condition had been wrought in a manner not authorized by law. If cities were required to maintain such guards for any such purpose, they would be equally liable for the trespasses of roving stock or the escape of the lot owner's stock as for an injury sustained by such owner in walking over the unfenced embankment.

No error is presented by the record, and the judgment of the circuit court is affirmed.

Filed Apr. 9, 1895.