Week *v.* Widgeon.

---

## WEEK ET AL. *v.* WIDGEON.

### [No. 2,939.   Filed November 29, 1899.]

APPEAL AND ERROR.—*Instructions.—Record.*—In order that instructions may be made a part of the record without a bill of exceptions the record must affirmatively show that they were filed. *pp. 406, 407.*

SAME.—*Instructions.—When Evidence is Not in Record.*—A cause will not be reversed on the instructions when the evidence is not in the record, unless the instructions are incorrect and injurious under any supposable evidence admissible under the issues on trial. *p. 407.*

SAME.—*Instructions.—When Not All in Record.*—Where it does not appear from the record that certain instructions complained of were all the instructions given, the judgment will not be reversed because of the instructions complained of, unless they are so radically wrong as to be incurable by other instructions. *p. 407.*

SAME.—*Instructions.—Joint Assignment.*—A joint assignment in a motion for a new trial of the giving of two instructions is not available if either of the instructions is not erroneous. *p. 408.*

STATUTE OF FRAUDS.—*Promise to Answer for Debt of Another.*—Where plaintiff procured a person to perform services for defendants on the promise of defendants that they would pay such person his salary and would pay plaintiff whatever sum he might pay or become liable to pay to such third person for board or livery hire while in the service of defendants, such agreement was not a promise to answer for the debt, default, or miscarriage of another within the meaning of the second clause of the statute of frauds. *pp. 408, 409.*

From the Wells Circuit Court. *Affirmed.*

Week *v.* Widgeon.

*A. L. Sharpe* and *C. E. Sturgis*, for appellants.
*A. N. Martin* and *W. H. Eichhorn*, for appellee.

BLACK, J.—This was an action upon account commenced before a justice of the peace. Counsel for the appellants contend that the amount of the recovery against them was too large; but the evidence is not in the record, the bill of exceptions containing it having been presented to the judge long after the expiration of the period, extending beyond the term, given for the filing thereof.

It is also contended that the court erred in giving two instructions numbered six and eight, and in giving, as modified by the court, a certain instruction, numbered two, asked by the appellants. The transcript contains a number of instructions purporting to have been asked, some by the plaintiff, and some by the defendants, and there are others to which the name of the judge is signed.

There is a bill of exceptions showing the giving of instructions numbered six and eight and exceptions thereto, and the request of the appellants for the giving of instruction numbered two, its modification, and the giving of the modified instruction, and exception thereto.

It is suggested by counsel for the appellee that those instructions given or refused, which are not thus embraced in the bill of exceptions, are not to be regarded as part of the record, for the reason that it does not appear that they were filed as required by the statute, §542 Burns 1894, §533 Horner 1897. This claim of counsel must be sustained.

It is well settled, by way of applying the express provision of the statute, that, in order that instructions may be made part of the record without a bill of exceptions, the record must affirmatively show that they were filed. *Ft. Wayne, etc., R. Co.* v. *Beyerle*, 110 Ind. 100, and cases cited therein; *Fromlet* v. *Poor*, 3 Ind. App. 425; *Killion* v. *Hulen*, 8 Ind. App. 494; *Stephenson* v. *Elliott*, 11 Ind. App. 694; *Krom* v. *Vermillion*, 143 Ind. 75; *Landwerlen* v.

*Wheeler*, 106 Ind. 523; *Blount* v. *Rick*, 107 Ind. 238; *Childress* v. *Callender*, 108 Ind. 394. Though instructions be inserted in the transcript of the record by the clerk, if there be nothing to show that they were filed they will not be regarded as part of the record. *Louisville, etc., R. Co.* v. *Wright*, 115 Ind. 378; *Olds* v. *Deckman*, 98 Ind. 162.

The requirement of filing applies to instructions asked and refused as well as to those given by the court, either of its own motion or upon request. See *Harlan* v. *Brown*, 4 Ind. App. 319. As to the instructions embraced in the bill of exceptions, the evidence not being in the record, the giving of these instructions could not be available error unless they were incorrect and injurious under any supposable evidence admissible under the issues on trial. *Hilker* v. *Kelley*, 130 Ind. 356, 15 L. R. A. 622.

The bill of exceptions does not expressly show that these were all the instructions given, and if any inference might be indulged from the numbers of the instructions embraced in the bill, it would not be that they were all the instructions given. In *Lake Erie, etc., R. Co.* v. *Carson*, 4 Ind. App. 185, it was said that each particular instruction must be considered and construed in connection with all other instructions given, and that if an instruction given be absent from the record, and an instruction to which objection is made might, when taken in connection with other instructions, correct and applicable, be thereby so explained and qualified that the instructions considered together would correctly state the law of the case, the judgment will not be reversed because of such instruction to which objection is made. Where it does not appear from the record that certain instructions complained of were all the instructions given, the judgment will not be reversed because of the instructions complained of, unless they were so radically wrong as to be incurable by other instructions. *Cooper* v. *State*, 120 Ind. 377; *Marshall* v. *Lewark*, 117 Ind. 377; *Pence* v. *Waugh*, 135 Ind. 143; *Hannan* v. *State*, 149 Ind. 81; *Town of Ladoga* v. *Linn*, 9 Ind. App. 15.

In the motion for a new trial the appellants assigned as a cause the giving of the sixth and eighth instructions jointly; therefore, if either of these instructions was not erroneous, this cause for a new trial could not be sustained. One of the items of the account sued on was for livery hire and hotel bill amounting to $21.50. The eighth instruction was as follows: "If the evidence establishes to your satisfaction that the plaintiff, Widgeon, at the request of the defendants, Week and Hudson, procured one John M. George to perform services for the defendants, on the promise of Week and Hudson to plaintiff Widgeon that the defendants would pay to said George his salary, and that the defendants would also pay to the plaintiff whatever sum the plaintiff might legally pay, or become liable to pay, for the board of said George and the use of livery horses by said George while in the service of the defendants; and if the evidence further establishes to your satisfaction, that, pursuant to said contract between the plaintiff and the defendants, the plaintiff, Widgeon, actually paid or rendered himself legally liable to pay any third person for board or the use of livery for said George while performing services for the defendants, then the defendants would be liable in this action to the plaintiff for whatever sum the evidence shows that he paid or became legally liable to pay to such third person on account of such board and livery hire for said George; and this is true whether the evidence shows that the plaintiff has or has not paid the amount of such board and livery hire."

The objection urged against the instruction, as we understand the argument of counsel, is that the complaint as to this item of the account was upon an implied contract to pay a debt incurred by the plaintiff, and that the defendants could not be bound therefor except by a contract in writing signed by them, reference being made to the second clause of our statute of frauds, relating to the special promise of one to answer for the debt, default, or miscarriage of another. To

come within the statute, the promise must be that the promisor will make good to the promisee something which a third person is bound to make good to the promisee. If, in substance, whatever the form, the promise be to perform the obligation of the promisor, it is not within the statute. The authorities to this effect are abundant. The promise referred to in the instruction was not one within the meaning of the statute, but was one to perform the obligation of the promisors, the appellants.

In the portion of the complaint in which this item was stated, it was said that the defendants were by an implied agreement to reimburse the plaintiff. The statement that the agreement was an implied one was the statement of a conclusion of law. The action was commenced before a justice of the peace, and a complaint which would apprise the defendants of the nature of the cause of action, and was so explicit that a judgment thereon would bar another action for the same cause, was sufficient. The complaint was upon an account embracing a number of items. The items of an account may set forth charges arising "out of contract express or implied, or from some duty implied by law." *Nelson* v. *Board, etc.,* 105 Ind. 287; *Watson* v. *Penn,* 108 Ind. 21. If the evidence showed an express promise on the part of the appellants to pay the amounts which the appellee laid out or for which he became legally liable in the performance of service for the appellants, we are of the opinion that there might be a recovery, under the complaint, for the hotel bill and livery hire, as stated in the instruction.

The question involved in the action of the court in modifying instruction numbered two asked by the appellants is sufficiently disposed of in what we have said in relation to instruction numbered eight.

Judgment affirmed.