## GREEN ET AL. *v.* EDEN.

[No. 3,002.  Filed Feb. 16, 1900.  Rehearing denied May 9, 1900.]

PLEADING.—*Joint Demurrer.*—When a demurrer is addressed to a pleading generally, and the pleading consists of two or more paragraphs, the demurrer should be overruled, if one of the paragraphs is good.  *p. 586.*

SAME.—*Complaint.*—*Negligence of Driver of Ambulance for Private Hospital.*—In an action for damages for injuries caused by the negligence of the driver of an ambulance for a private hospital, the complaint need not allege that the defendants derived any benefit from the operation of the hospital.  *p. 587.*

SAME.—*Complaint.*—*Presumption.*—In a complaint for injuries caused by the negligence of the driver of an ambulance, the averment that the defendants operated a "hospital ambulance" does not authorize the presumption that they operated a public vehicle, and that it was being operated for the public good.  *p. 587.*

SAME.—*Complaint.*—*Duplicity.*—A complaint in an action for damages for injuries caused by the negligence of an ambulance driver, which avers that the acts complained of were "wrongfully, carelessly and negligently done," and were such as to show that defendants were "unmindful of their duties to pedestrians," is not bad for duplicity in charging both a wilful and a negligent act.  *p. 587.*

SAME. —*Personal Injuries.*—In an action for personal injuries the complaint is sufficient if the facts charged with sufficient certainty sustain the general allegations of negligence and carelessness.  *p. 588.*

NEGLIGENCE.—*Of Ambulance Driver.*—*Defense.*—*Municipal Corporations.*—In an action against the operators of a hospital ambulance for personal injuries caused by the negligence of the ambulance driver, it is no defense that defendants were operating under a contract with the city which provided that they were to answer all calls from the city dispensary, and be subject to the direction of the dispensary surgeon.  *pp. 588, 589.*

Green *v.* Eden.

MUNICIPAL CORPORATIONS.—*Duty of Pedestrian at Street Crossing.*— It is the duty of pedestrians passing over street crossings in a city to exercise care commensurate with existing dangers, though it is not necessary that they stop and listen.  *p. 591.*

NEGLIGENCE.—*Of Ambulance Driver.—Injury of Pedestrian.—Defense.* —The fact that an ambulance which struck down a pedestrian at a street crossing was going at a high rate of speed in order to save life is no defense to an action for damages for the personal injuries sustained by such pedestrian.  *p. 593.*

APPEAL AND ERROR.—*Record.—Instructions.*—Where the record shows instructions refused and exceptions noted, dated, and signed by the trial judge, the action of the court will not be reviewed on appeal, unless it appears from 'the record that such instructions were filed with the clerk as a part of the record, or were brought in by bill of exceptions.  *pp. 593, 594.*

SAME.—*Instructions Not All in Record.*—Where it does not appear from the record that certain instructions complained of were all the instructions given, the judgment will not be reversed because of the instructions complained of, unless they are so radically wrong as to be incurable.  *pp. 594, 595.*

SAME.—*Refusal of Court to Require More Definite Answers to Interrogatories.—Review.*—It is not reversible error for the court to refuse to require the jury to answer more definitely an interrogatory not pertinent to any material issue in the case.  *pp. 595, 596.*

SAME.—*Motion to Require More Definite Answer to Interrogatory.— Review.*—The ruling of the trial court on a motion to require the jury to answer an interrogatory more definitely will not be reviewed on appeal, if there is evidence upon which the answer could fairly be based.  *p. 596.*

TRIAL.—*Directing Verdict.*—When there is any evidence tending to support the issues on the part of the plaintiff, the court should not direct a verdict for the defendant.  *p. 597.*

From the Marion Superior Court.    *Affirmed.*

*J. W. Holtzman* and *J. M. Leathers,* for appellants.
*W. V. Rooker,* for appellee.

WILEY, C. J.—Appellee was plaintiff, and brought and prosecuted to a successful determination against appellants an action to recover for injuries alleged to have resulted from the negligence of appellants.   The city of Indianapolis was also made a defendant below, but successfully defended. The complaint was in three paragraphs, to which a demurrer was addressed and overruled.

The first error assigned and discussed is that the "complaint of appellee does not state facts sufficient to constitute a cause of action." In the first paragraph of the complaint it is averred that appellants were partners, and were, on April 23, 1896, operating a hospital ambulance drawn by a single horse; that in so doing appellants were wrongfully, negligently, and carelessly unmindful of their duties to pedestrians on the streets of said city, in that they operated and ran said ambulance at a high and dangerous rate of speed in, along, and upon the streets of said city, which were then crowded with, and in use by, other persons; that on said day, and while appellants were so operating said ambulance, appellee was lawfully and in a careful manner traveling on Ohio street, one of the streets of said city; that while so traveling, appellants, by reason of their said wrongful, negligent, and careless manner of operating said ambulance, ran the same and the horse attached thereto upon, against, and over appellee, whereby he was injured, etc. It is further charged that such injuries, loss of time, etc., were wholly occasioned by the fault and negligence on the part of appellants, and without fault or negligence on the part of appellee. The second paragraph contains all the allegations of the first, and the additional averments that appellants operated the ambulance without a brake, or other contrivance for regulating, checking, and controlling its speed, and without sufficient horse power to check and stop its speed, considering the fact that it was run at a high and dangerous rate of speed; that it was of great weight, to wit, a ton, and was propelled by a single horse. The third paragraph is like the second, with the additional allegations that appellants negligently, carelessly, and wrongfully kept in their service in the operation of said ambulance, reckless, unskilful and incompetent servants; that the said servants were incompetent, etc., in this: "That they took said ambulance upon the streets of said city when it was in a dangerous and defective condition for want of a brake or other controlling

appliance, and ran the same at a high and dangerous rate of speed, to wit, twenty miles per hour, and that while so operating and running it they used one horse, which they knew, or ought to have known, was not sufficient to control the same; that while driving said horse, they did not regard the rules of the road, but "indiscriminately took one side of the street, and then the other, changing the course, and permitting the course of the ambulance to be changed without regard for the fact that there were at the time in the street, and in the immediate course of the ambulance, many persons, including appellee;" that appellee was wholly ignorant of the manner in which said ambulance was being operated, of the character of its equipments and servants, and that appellee was ignorant of all of said facts, and that appellants had full knowledge thereof. The demurrer to the complaint was as follows: "The said defendants * * * demur to plaintiff's complaint, and for cause of demurrer say that said complaint does not state facts sufficient to constitute a cause of action." This is a joint demurrer, and is addressed to the complaint as a whole.

When a demurrer is addressed to a pleading generally, and the pleading consists of two or more paragraphs, if one of the paragraphs is good, the demurrer should be overruled. *Brake* v. *Payne*, 137 Ind. 479; *Dorsett* v. *City of Greencastle*, 141 Ind. 38; *Baker* v. *Groves*, 1 Ind. App. 522; *City of Tell City* v. *Bielefeld*, 20 Ind. App. 1. Therefore, if either of the paragraphs of the complaint was good, it was not error to overrule the demurrer.

Counsel for appellants have called our attention to that line of cases holding that a municipal corporation can not be held liable for damages resulting from the negligent acts of a driver of a city ambulance while driving through its streets. If this appeal was by the city, and we were considering a demurrer by it, the rule would have some application here; but the city is not a party to the appeal, and the rule that might exempt it from liability does not necessarily control as to appellants.

It is also urged that the complaint does not show that there were any benefits derived from the operation of the ambulance by appellants, and that it does appear that it was a hospital or public ambulance being operated for the public good and public health, and for these reasons, the complaint is insufficient. We can not believe this is sound reasoning. It was unnecessary to aver that appellants derived any benefit from the operation of the ambulance, and it does not necessarily follow from the averments of the complaint that it was being operated as a city or public ambulance. The averment is that they were operating a "hospital ambulance." We know as a matter of common knowledge and general information that there are private hospitals in the city of Indianapolis, and, though we must construe the complaint most strongly against the pleader, yet we cannot assume, from the language used, that the ambulance was a public vehicle, and being operated for the public good.

It is also urged that the complaint is bad for duplicity, in that the acts complained of were "wrongfully, carelessly, and negligently" done. By a course of reasoning somewhat ingenious, appellant's learned counsel have attempted to show that the words "wrongfully" and "negligently", in the connection and sense in which they are used, are "absolutely inconsistent." It is urged that the word "wrongful," as used in the complaint, and in connection with the language which follows, viz., "unmindful of their duties to pedestrians on the streets of said city," means that the act complained of was wantonly done, and that "wantonly" means intentionally done, which means that it was wilfully done. If this construction can be given to the word "wrongfully" in the connection in which it was used, then appellants' position is well grounded, for a single paragraph of complaint can not count on a careless and negligent act and wanton and wilful act. They constitute different and distinct causes of action, are inconsistent with each other, and hence can not be joined in the same paragraph. As was said in *Louisville, etc., R. Co.*

v. *Bryan*, 107 Ind. 51: "To say that an injury resulted from the negligent and wilful conduct of another is to affirm that the same act is the result of two exactly opposite mental conditions. It is to affirm in one breath that an act was done through inattention, thoughtlessly, heedlessly, and at the same time purposely and by design." But we can not agree with counsel that the word "wrongfully", as used in the complaint, means wantonly or wilfully.

Another objection to the complaint is that the wrongful, negligent, and careless acts charged are not stated with sufficient certainty. The complaint must be held sufficient if the facts charged with sufficient certainty sustain the general allegations of negligence and carelessness. *Hawley* v. *Williams*, 90 Ind. 160; *Cincinnati, etc., R. Co.* v. *Chester*, 57 Ind. 297. We think the complaint comes fairly within the rule stated, and that there was no error in overruling the demurrer to it.

Appellants answered in four paragraphs, and the second, third, and fourth paragraphs are so nearly alike that a statement of the facts in one will suffice for all. It is averred that appellants, on December 29, 1895, entered into a contract with the city of Indianapolis whereby they bound themselves to keep a certain hospital ambulance for the use of the city, and to furnish therefor the horse and driver; that said contract was in writing, and conditioned that all calls for said ambulance must come through the city dispensary, and that the same must be promptly answered, both day and night; that, when said ambulance should be called to the dispensary, it should be under the control and direction of the dispensary surgeon, and should render him such assistance as he should demand; that at the time of the injuries complained of said contract was in full force, and appellants were keeping a hospital ambulance for the use of said city only, and furnishing a horse and driver therefor whenever required by the city; that, in pursuance to said contract, appellants did, on April 23, 1898, send said ambulance to the

city dispensary in compliance with a request therefor; that upon its arrival the driver thereof placed himself under the full control and management of said city, and then and there became wholly subject to the orders and commands of the city, as provided by contract; that when the injuries to appellee occurred, as described in the complaint, the ambulance wagon and the driver thereof were under the full, complete and exclusive control and direction of the surgeon in the employ of the city, then and there in charge of the ambulance. It is further averred that the driver of the ambulance at the time of appellee's injuries was the servant of the city of Indianapolis; that he was being controlled and directed by the surgeon in charge of the ambulance, and that such driver was in no wise, directly or indirectly, under the control, supervision, command, or direction of appellants, and that they did not at the time have anything to do with the operation of the ambulance. A demurrer to each of these paragraphs was sustained, and such ruling is assigned as error.

We have not been cited to any authority to support these several paragraphs of answer. By these answers appellants seek to shield themselves from the results of their alleged negligent acts by saying that when the injury to appellee occurred the ambulance was under the management, control and direction of the dispensary surgeon, an employe of the city, and that, therefore, they are not responsible. We do not believe that they can thus escape. Each of the paragraphs of answer show that appellants were to furnish the driver and horse for the ambulance, and it must follow, therefore, that the driver was the servant of the appellants, although he was at the time under the control and direction of the dispensary surgeon. The city, through its servant or employe, the surgeon, could not authorize appellants, through their servant, to be guilty of actionable negligence, or recklessness, or carelessness, in driving the ambulance through the streets of the city at a high and dangerous rate

of speed. Notwithstanding the averments of the answer, we can not escape the fact that the driver of the ambulance was still the servant of the appellants, and that the master is liable for the wrongful, careless, and negligent acts of the servant while acting within the scope of his authority or duty.

The trial of the cause under the issue formed by the general denial resulted in a verdict and judgment for appellee. With the general verdict the jury made special findings of fact by way of answers to interrogatories. Appellants' motions for a new trial and for judgment on the answers to the interrogatories were overruled. The motion for a new trial embraced most of the statutory causes, alleged error of the court in giving and refusing to give certain instructions, in refusing to submit certain interrogatories to the jury, in submitting certain interrogatories to the jury, etc. There are forty-eight reasons assigned for a new trial, and to state each of them specifically would require much time and space, and serve no useful purpose. Appellee insists that the evidence is not in the record, and for this reason many of the questions presented in the motion for a new trial can not be considered; but we are satisfied that in this instance appellee is in error. The first three reasons for a new trial, to wit: (1) That the verdict is contrary to law; (2) that the verdict is contrary to the evidence; (3) that the verdict is not sustained by the evidence, may be considered together, for they each present the same question. Appellants' counsel enter upon the discussion of this question by asserting broadly that the appellee failed in every respect to make any case against appellants, and bottoms this assertion upon three propositions: (1) That the evidence shows that appellee was guilty of contributory negligence; (2) that the evidence shows that the driver of the ambulance was under the control and management of the city of Indianapolis, and (3) that it is shown that the ambulance was conveying an injured person to the city hospital, and that it was driven at a high

Green *v.* Eden.

rate of speed at the direction of the surgeon, and that there was necessity for so doing to save life.

An examination of the evidence and the answers to interrogatories convinces us that appellee can not be charged with contributory negligence. The ambulance that struck and injured appellee was being driven west on Ohio street, and was going at the rate of ten to fifteen miles per hour. Appellee was crossing Ohio street, going from the southwest corner of Ohio and Illinois streets to the sidewalk at the southwest corner of Ohio street and Indiana avenue. It is shown that the driver of the ambulance was ringing the gong as he approached the intersection of Illinois and Ohio streets. As to whether he continued to ring it until the ambulance struck appellee, the evidence is conflicting; but the jury find, in answer to an interrogatory, that, after the ambulance reached Illinois street, the gong ceased to ring, and that, if it had so rung, appellee could have heard it. It is also shown that until the ambulance reached Illinois street, it was going directly west, but that after crossing the street-car tracks in the latter street, it turned suddenly to the right, and by reason of such turn struck appellee. Pedestrians passing over street crossings in a city are not required to exercise that degree of care and caution exacted of travelers at railroad crossings. The situation and conditions are materially different. At railroad crossings the railroad has the right of way, while at street crossings all travelers, whether pedestrians or persons in vehicles, have equal liberties and rights. For these reasons, while it is the duty of a person in crossing a street to exercise care commensurate with existing dangers, it is not necessary that he should stop and listen, as contended by appellants.

In *Citizens Street R. Co.* v. *Abright*, 14 Ind. App. 433, this court said: "Counsel urge that we should apply to the consideration of appellee's duty the same strict rules which govern in cases of ordinary railroad crossing collisions, and cite authority to sustain their position. Such, however, is

not the rule in Indiana, nor does it have the support of the weight of the authority"—citing many cases to which we refer without quoting. .

In *Stringer* v. *Frost*, 116 Ind. 477, 2 L. R. A. 614, the court, by Mitchell, J., said: "Children and infirm persons, as well as those who are of mature years, and in the vigor and activity of health, have the right to walk along or cross the streets of a city, observing such care as persons of like age and condition are accustomed to use, and all have a right to assume that carriages will not be driven, or horses ridden, over the streets at an improper rate of speed. *Birkett* v. *Knickerbocker Ice Co.*, 110 N. Y. 504. It can not, therefore, be said as a matter of law, that one is guilty of negligence who does not anticipate and take special precaution against injury from the reckless or improper conduct of others in riding or driving at an unusual or dangerous rate of speed." Citing *Coombs* v. *Purrington*, 42 Me. 332; *Boss* v. *Litton*, 5 Carr. & P. 407; *Williams* v. *Richards*, 3 Carr. & K. 81. Both the evidence and the answers to interrogatories show that, at the intersection of Ohio and Illinois streets and Indiana avenue, many persons both on foot and in vehicles are continuously passing to and fro, and also that there is a street-car line on Illinois street and on Indiana avenue, with double tracks. With the passing of street-cars and vehicles, much noise and confusion must necessarily occur. It is shown by an answer to an interrogatory that while appellee was crossing Ohio street, he could have heard the sound of the gong on the ambulance if it had been rung after it got to Illinois street. It is apparent, therefore, that there was nothing occurred out of the ordinary to attract appellee's attention to the approaching ambulance. The jury also found that, after the driver of the ambulance changed his course from Ohio street to go northwest on Indiana avenue, appellee did not have time to get out of the way and avoid being struck. We are clearly of the opinion that appellee is not shown to have been guilty of negligence contributing to his injury.

Green *v.* Eden.

As to the second proposition,—that the evidence shows that when appellee was injured the ambulance and driver were under the control and direction of the dispensary surgeon, and hence appellants are not liable, we need only to refer to what we have said in passing upon the action of the court in sustaining the demurrer to the second, third, and fourth paragraphs of answer. If we were right in our conclusion reached upon that question,—and of this we have no doubt,—then there is no merit in the present contentions of appellants.

Third, appellants say that appellee has failed to make a case, because it is established that when appellee was injured the ambulance was conveying an injured person to the hospital, and was being driven at a high rate of speed at the direction of the surgeon, and that there was necessity for so doing to save life. To sustain such a proposition by a judicial decision would, in our judgment, establish a dangerous precedent. To say that an ambulance, under the facts established in this case, can be driven through crowded thoroughfares of a populous city at such a high and dangerous rate of speed, and without the necessarily accompanying warning, as in this case, when the injury occurred, as to put in jeopardy both life and property, is to give sanction and color to a proposition fraught with too many dangers and evil consequences. It may be, and doubtless is, as necessary and important to protect the life and limb of the innocent pedestrian upon the street, whether child or adult, whether infirm or in the full vigor of years and health, as it is that of the person who is being conveyed in an ambulance. To establish any other rule would be wholly to disregard the rights and life of the pedestrian under such circumstances, and this we are not willing to do. The verdict is fully sustained by the evidence, and is not contrary to law.

Before the argument commenced, appellants tendered to the court a series of instructions numbered from one to thir-

teen, inclusive, and requested that they be given to the jury. The court refused to give any of the instructions so tendered, and to which refusal appellants excepted, and following each of the instructions their exception is noted and dated, and signed by the trial judge. Appellants complain bitterly of the refusal of the court to give most of these instructions, and the refusal to give them is assigned as reasons for a new trial. We can not consider the action of the court in refusing to give the instructions, for the reason that they are not in the record. They are neither brought into the record by a bill of exceptions, nor does it appear that they were filed with the clerk as a part of the record. This is mandatory, both by the statute itself and the uniform decisions of this court and the Supreme Court. Subd. 6, §542 Burns 1894; *Loeb* v. *McAlister*, 15 Ind. App. 643; *Killion* v. *Hulen*, 8 Ind. App. 494; *Port Huron, etc., Co.* v. *Smith*, 21 Ind. App. 233; *Week* v. *Widgeon*, 23 Ind. App. 405, and authorities there cited; *Riley* v. *Allen*, 154 Ind. 176.

The seventh, twenty-first, and twenty-third reasons for a new trial were based on alleged errors of the court in giving certain instructions on its own motion. Before disposing of the questions thus presented, it appears from the record that appellee tendered to the court a series of instructions, all of which were refused, and immediately preceding the instructions given by the court as they appear in the record is the following record entry: "And the instructions given by the court, together with all exceptions thereto, are now filed and ordered made a part of the record herein, and are in the words and figures following, that is to say: * * *." As to whether the court gave any other instructions than those that appear in the record, we have no means of knowing. While it does appear that the court gave certain instructions, it does not affirmatively appear, either by implication or by direct statement from the record to that effect, that such instructions were all that were given. In the absence of such affirmative statement, or something from which the ·

fact may be implied, we are not authorized to reverse a judgment unless the instructions, or some of them, are so radically wrong as to be incurable. *Cooper* v. *State,* 120 Ind. 377; *Puett* v. *Beard,* 86 Ind. 104; *Garrett* v. *State,* 109 Ind. 527; *Grubb* v. *State,* 117 Ind. 277; *Pence* v. *Waugh,* 135 Ind. 143; *Hannan* v. *State,* 149 Ind. 81; *Town of Ladoga* v. *Linn,* 9 Ind. App. 15; *Week* v. *Widgeon,* 23 Ind. App. 405.

We can not say that any of the instructions complained of are so radically wrong as to be incurable. On the contrary, an examination of the series of instructions disclosed by the record, and upon a consideration of them as a whole, it appears to us that the law was stated with substantial accuracy, and that the jury could not have been misled, although one or more of the instructions considered alone may not have stated the law correctly. In such case, a judgment should not be disturbed on account of the giving of an erroneous instruction. *Cooper* v. *State, supra; Week* v. *Widgeon, supra; Chapple* v. *Davis,* 10 Ind. App. 404; *Kepler* v. *Jessup,* 11 Ind. App. 241; *Shields* v. *State,* 149 Ind. 395; *Miller* v. *Stevens,* 23 Ind. App. 365.

Appellants complain because the court submitted to the jury interrogatories fifty-eight and fifty-nine. These interrogatories and answers are as follows: (58) "After the driver changed his course from Ohio street so as to go northwest on Indiana avenue, did the plaintiff have time to get out of the way and avoid being struck? Ans. No." (59) "If he had been looking toward the ambulance, would he have had time to get out of the way and avoid being struck, after it changed its course from Ohio street? Ans. No." Appellants' counsel have not pointed out any tenable objection to these interrogatories, and we are unable to see any. On the contrary, they go to a vital question in the case, and elicited facts that were in issue. Interrogatory twenty and the answer thereto is as follows: (20) "As plaintiff was in the act of crossing said Ohio street, and immediately

before he was struck, did he listen for the approach of any passing vehicle? Ans. No. evidence." Upon the return of the verdict, appellants moved the court that the jury be required to return to the jury room, and answer this interrogatory directly, which motion was overruled. They say that there was evidence from which the interrogatory could have been answered directly, but have not called our attention to the record where it may be found. We are not required to look through a voluminous record, to find evidence which counsel have failed to point out. As we have seen, a pedestrian crossing a street in a city is not held to such a high degree of care as to require him to listen for the approach of any or every passing vehicle, and, as the interrogatory inquired of the jury if appellee listened for the "approach of any passing vehicle", it was not pertinent to any material issue, and there was no error in overruling appellants' motion to require a more definite answer.

Interrogatories twenty-two and twenty-seven and the answers thereto are as follows: (22) "As plaintiff was in the act of crossing Ohio street, could he have heard the ringing of the gong upon the ambulance before he was struck? A. Yes, had it been ringing. Preponderance of the evidence is that the gong did not ring after crossing street-car tracks in Illinois street, until after it struck plaintiff." (27) "If plaintiff had paid any attention to his surroundings at the time he was struck, and just prior thereto, could he have heard the gong of said ambulance wagon? A. Yes, if it had been ringing after it crossed Illinois street." Appellants moved that the jury be required to answer these interrogatories directly. By its answer to interrogatory twenty-two, the jury found that the gong did not ring after the ambulance crossed the street-car tracks in Illinois street, until after it struck appellee, and that, if it had been ringing, he could have heard it. There is evidence upon which the answer could fairly be based, and we can not weigh the evidence. While the answer might have

been more direct, it fully answers the inquiry. And the same may be said of the answer to interrogatory twenty-seven. The court did not err in overruling the motion to require the jury to answer them more definitely.

Appellants moved the court to instruct the jury to return a verdict for them, which motion was overruled, and such ruling is presented for review by the motion for a new trial and an assignment of error. Waiving any technicality as to whether or not the question is properly presented, we are clear that the court correctly overruled the motion. The trial court is authorized to direct a verdict only when the evidence is not legally sufficient to sustain a verdict in favor of the plaintiff, when such verdict may be directed in favor of the defendant. *Meyer* v. *Manhattan Ins. Co.*, 144 Ind. 439; *Russell* v. *Earl*, 10 Ind. App. 513; *Galbraith* v. *Holmes*, 15 Ind. App. 34. When there is any evidence tending to support the issues on the part of the plaintiff, the court should not direct a verdict for the defendant. *Pennsylvania Co.* v. *McCormack*, 131 Ind. 250. See, also, *Overton* v. *Indiana, etc., R. Co.*, 1 Ind. App. 436; *Hamilton* v. *Hanneman*, 20 Ind. App. 16; *Messick* v. *Midland R. Co.*, 128 Ind. 81; *Cincinnati, etc., R. Co.* v. *Darling*, 130 Ind. 376; *Kearns* v. *Burling*, 14 Ind. App. 143; *Hodge* v. *Farmers Bank*, 7 Ind. App. 94; *Stroble* v. *City of New Albany*, 144 Ind. 695.

In this case there was evidence tending to support the issues on the part of appellee. We have thus disposed of the many questions discussed by counsel for appellants, and have reached the conclusion that none of them present reversible error. Judgment affirmed.