## JONES *v.* THE STATE.

[No. 20,062.  Filed May 13, 1903.]

APPEAL AND ERROR.—*Instructions.*—*Joint Assignment.*—*New Trial.*—A specification in a motion for a new trial that the court erred in giving a certain series of instructions is not available on appeal unless all of the instructions so specified are erroneous.

From Cass Circuit Court; *G. A. Gamble*, Judge.

William Jones was convicted of forgery, and appeals. *Affirmed.*

*C. E. Yarlott* and *D. D. Fickle*, for appellant.
*C. W. Miller*, Attorney-General, *W. C. Geake* and *C. C. Hadley*, for State.

DOWLING, J.—The appellant was indicted for the crime of forgery, and, upon a trial by a jury, was found guilty as charged. Judgment was rendered upon the verdict.

The only error not waived by failure to discuss it is the overruling of appellant's motion for a new trial, and the sole point made by counsel for appellant under this assignment is that the court erred in giving instructions numbered fourteen, sixteen, and twenty-six, at the request of the State.

The motion for a new trial contained this specification: "(1) The court erred in giving instructions 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, asked by the State by its own proper officer." This specification of error is joint as to all the instructions given by the court, and in such cases the rule is that if any one of the instructions is correct the objection to the action of the court in giving the instruction should be overruled.

It is said in Indiana, etc., R. Co. v. Snyder, 140 Ind. 647: "It is evident that, at least, some of the instructions given were proper, and that some refused were not correct, and hence, under the rule stated, the contention of appellant must fail, and this court must decline to consider the points attempted to be raised upon the instruction given or refused by the trial court." Counsel for appellant by their failure to point out any defect in the remaining twenty-three instructions given, thereby admit their correctness.

We have examined all the instructions designated in the motion for a new trial, and found that many of them are unobjectionable. For example, what defect is there in number seven, which informs the jury that circumstantial evidence is as legal and effective as any other kind, provided the circumstances proved are of such character and force as to satisfy the minds of the jury of the guilt of the defendant of the crime charged beyond a reasonable doubt?

The rule that objections to decisions of the court should be specific and several, instead of general and in gross, where the errors relied upon relate to several distinct subjects, has been applied so frequently and in such a variety of cases that it would seem that it could not be misunderstood or overlooked. It has been applied to demurrers. *Maynard* v. *Waidlich,* 156 Ind. 562; *Dorsett* v. *City of Greencaslle,* 141 Ind. 38; *Green* v. *Eden,* 24 Ind. App. 583. And to motions for a new trial. *Leavall* v. *State, ex rel.,* 16 Ind. App. 72; *Edmonds* v. *Mounsey,* 15 Ind. App. 399. To exceptions to conclusions of law. *Nelson* v. *Cottingham,* 152 Ind. 135; *Taylor* v. *Canaday,* 155 Ind. 671; *Baldwin* v. *Heil,* 155 Ind. 682; *Evansville, etc., R. Co.* v. *State, ex rel.,* 149 Ind. 276; *Hildebrand* v. *Sattley Mfg. Co.,* 25 Ind. App. 218. To assignments of error challenging conclusions of law. *Jones* v. *Mayne,* 154 Ind. 400; *Saunders* v. *Montgomery,* 143 Ind. 185. Also to assignments of error by a part only of defendants who jointly demur to the complaint and jointly except. *Harter* v. *Parsons,* 14 Ind. App. 331. To a joint assignment of errors upon rulings sustaining a demurrer to several paragraphs of a pleading. *Louisville, etc., R. Co.* v. *Heck,* 151 Ind. 292; *Moore* v. *Morris,* 142 Ind. 354; *American Tin-Plate Co.* v. *Guy,* 25 Ind. App. 588. And a joint assignment of errors has been held not good as to any, if not good as to all. *Sheeks* v. *State, ex rel.,* 156 Ind. 508; *Green* v. *Heaston,* 154 Ind. 127; *Hatfield* v. *Cummings,* 152 Ind. 280; *Goss* v. *Wallace,* 140 Ind. 541.

Again, as was said by this court in *State* v. *Ray,* 146 Ind. 500: "The court gave to the jury thirty-four instructions at the request of the appellee, to the giving of which appellant excepted. The exception was to the instructions given as an entirety, and not to each instruction separately. The giving of these instructions is assigned as error. Under the well settled rule, unless all of said thirty-four instructions

were erroneous, this appeal can not be sustained. *Law-. rence* v. *Van Buskirk,* 140 Ind. 481, and cases cited. It is not claimed by appellant that all of said instructions are erroneous, and objections are only urged against part of them. Some of said instructions correctly stated the law, and, under the rule, we can not review the action of the trial court in giving the others, however erroneous they may be."

If a motion for a new trial includes errors in giving or refusing to give instructions assigned jointly, it is not available on appeal, unless all the instructions are erroneous. *Crawford* v. *State,* 155 Ind. 692; *Cincinnati, etc., R. Co.* v. *Cregor,* 150 Ind. 625; *Masterson* v. *State,* 144 Ind. 240; *Cargar* v. *Fee,* 140 Ind. 572; *Lautman* v. *Pepin,* 26 Ind. App. 427; *Pape* v. *Hartwig,* 23 Ind. App. 333; *Week* v. *Widgeon,* 23 Ind. App. 405.

There being no available error in the record, the judgment is affirmed.