## GRINER v. STATE OF INDIANA.

[No. 22,726.   Filed April 16, 1915.]

1. FORNICATION.—*Evidence.—Sufficiency.*—Where the evidence is such as to warrant the inference of unlawful and lascivious commerce constituting the offense of fornication, and to overcome every reasonable doubt to the contrary, it is sufficient to sustain a conviction.   p. 176.

2. FORNICATION.—*Trial.—Admission of Evidence.*—In a prosecution for fornication, where the woman with whom the offense was charged to have been committed testified that she never occupied a bed with defendant, and had never had sexual intercourse with him, there was no error in sustaining an objection to a question on cross-examination asking whether she and defendant at any time lived together as husband and wife.   p. 176.

3. FORNICATION.—*Trial.—Admission of Evidence.*—In a prosecution for fornication, there was no error in refusing to strike out the testimony of a witness that defendant, prior to his marriage, had admitted that one act of sexual intercourse had taken place between him and the woman with whom he was charged with having committed the offense, since, though proof of illicit relations during the time they lived together as charged in the indictment was essential, evidence of such admission was proper to go to the jury together with other facts and circumstances shown as forming a basis from which the jury might properly infer such fact, if the inference arising was so strong as to remove all reasonable doubt.   p. 177.

4. APPEAL.—*Review.*—*Objections to Instructions.*—Objection urged on appeal to one of the instructions given at the trial is not available, where the specification of error in the motion for new trial challenged all of the instructions jointly and not severally, since, unless all of the instructions so challenged were bad, the court did not err in refusing a new trial thereon. p. 177.

From Brown Circuit Court; *Wm. E. Deupree,* Judge.

Prosecution by the State of Indiana against Edward Griner. From a judgment of conviction, the defendant appeals. *Affirmed.*

*George W. Long,* for appellant.

*Richard M. Milburn,* Attorney-General, *John P. Wright, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber,* for the State.

LAIRY, J.—Appellant was charged and convicted of living and cohabiting in a state of fornication with an unmarried woman named in the indictment. The only questions presented on appeal are predicated on the action of the trial court in overruling appellant's motion for a new trial.

As to the sufficiency of the evidence to sustain the verdict it may be said that offenses of the kind here charged can seldom be proved by direct and positive evidence and

1. that unlawful and lascivious commerce may be inferred if the facts and circumstances proven are of such a character as to give rise to such inference and to overcome every reasonable doubt to the contrary. *Jackson* v. *State* (1888), 116 Ind. 464, 19 N. E. 330. The evidence in the record is sufficient to sustain the verdict.

The woman with whom it is charged the offense was committed testified as a witness. On cross-examination she was asked whether she and appellant at any time lived

2. together as husband and wife. The court sustained an objection to this question and this ruling is assigned as a cause for a new trial. The court did not err in this ruling as this witness was permitted to testify that she

never occupied a bed with appellant and that she had never had sexual intercourse with him.

The witness Mathew Egan testified in chief without objection that appellant at one time told him that one act of

3. sexual intercourse had taken place between him and the woman with whom it was charged that he afterward lived in a state of fornication. On cross-examination it was shown that this statement was made before appellant was married and the record shows that his marriage occurred on December 3, 1913. When it appeared from Egan's cross-examination that the admission to which he had testified was made by appellant before he was married, appellant's attorney moved to strike out the part of Egan's testimony concerning the admission, which motion the court overruled. There was no error in this ruling. It was, of course, necessary for the State to prove that illicit relations existed between the parties during the time they lived together as charged in the indictment and this admission is not direct evidence of that fact, but it was proper to go to the jury together with the other facts and circumstances shown by the evidence as forming a basis from which the jury might properly infer such fact, if the inference arising was so strong as to remove all reasonable doubts.

It is further urged that a new trial should have been granted because of error in giving instruction No. 16. The

4. only specification of error contained in the motion for a new trial was in these words: "The court erred in giving of its own motion instructions 1 to 17 inclusive." This assignment challenges all of the instructions so given jointly and not severally. This court has frequently decided that such an assignment can not be sustained by showing that one or more of such instructions were erroneous. Unless all of the instructions covered by the assignment were erroneous, the court did not err in

refusing a new trial for this cause. *Jones* v. *State* (1903), 160 Ind. 537, 67 N. E. 264, and cases cited. Appellant does not claim that all of the instructions given by the court of its own motion were erroneous and some of them are clearly good.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 514. As to evidence of previous acts of familiarity in trials for adultery, see 25 Am. Dec. 422, 62 L. R. A. 194, 329. See, also, under (1) 19 Cyc. 1440; (2) 40 Cyc. 2493; (3) 19 Cyc. 1439; (4) 12 Cyc. 875.