(108 App. Div. 226.)

### SCHOELLER v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

NEGLIGENCE—QUESTION FOR JURY.

> In an action for injuries to one run over by defendant's truck, the question of negligence and contributory negligence *held*, under the evidence, for the jury.

Appeal from Trial Term, New York County.

Action by Sophie D. Schoeller against the Metropolitan Express Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

Charles Strauss, for appellant.
Eugene L. Richards, Jr., for respondent.

INGRAHAM, J. The plaintiff, a passenger upon a Broadway surface car, wishing to alight at Thirty-First street and Broadway, motioned the conductor to stop. She testified that after the car came to a stop she stepped off on the street facing towards the front of the car, when one of the defendant's wagons ran into her, injuring her severely. The driver of the wagon, called for the defendant, testified that he was going up Broadway at a dog trot, and to avoid a cab standing on the east side of Broadway at Thirty-First street he turned his horse toward the middle of the street; that just as he got about half way between Thirty-First and Thirty-Second streets "this car shot suddenly right up alongside of me and pinned me right there. The lady suddenly jumped right off the car with the hand holding on or in the car right that way, back towards me, just as my horse's head was opposite her. When I noticed her getting down I pulled up the horses." The motorman of the car testified that he passed the express wagon about the middle of the block between Twenty-Ninth and Thirtieth streets; that he stopped at the corner of Thirty-First street, when a shout called his attention to the accident; that he then turned around and saw the plaintiff between the car and the express wagon; that after he passed the express wagon between Twenty-Ninth and Thirtieth streets he had to slow up for passengers, and the wagon

came up and got ahead of him, and at Thirty-First street he passed it again; that as the car passed the wagon the wagon was about two feet away from the car on the east; that after he passed the wagon he knew nothing more about it until he heard the scream; that he stopped his car about 30 feet north of the crossing. At the end of this testimony the court dismissed the complaint.

I think that the case should have been submitted to the jury. Broadway at this point is a crowded thoroughfare, with cars constantly passing and stopping. The jury would have been justified in finding that after the car had passed this wagon it stopped, that the driver continued trotting close to the car, without apparently making any effort to stop his wagon, until after the plaintiff had got off the car, and that the truck was behind the car when the plaintiff attempted to step off. The driver had to turn to avoid a cab which was standing at the curb, so that his wagon was close to the track. He continued on a trot, instead of stopping or walking his horse, and the jury would have been justified in finding that it was negligence in driving up close to the car under the circumstances. The question of the plaintiff's contributory negligence was, I think, also for the jury.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.