## HARKER *v.* GRUHL.

[No. 8,987.   Filed February 15, 1916.   Rehearing denied April 27,
1916.   Transfer denied June 2, 1916.]

1. APPEAL.—*Scope of Review.*—*Motion for Judgment on Interroga-
tories.*—Where, on appeal, the error relied on for reversal is the
failure of the trial court to render judgment on the answers to
interrogatories, the scope of the review is limited to the complaint,
answer, the general verdict, and the interrogatories and the answers
thereto.   p. 180.

2. TRIAL.—*General Verdict.*—*Effect.*—A general verdict is a finding
for the party in whose favor it is rendered on all the material issues
involved in the action.   p. 180.

3. TRIAL.—*General and Special Verdicts.*—The answers to interroga-
tories control the general verdict only when the conflict upon the
face of the record is such as to be beyond the possibility of being
removed by any evidence admissible under the issues in the cause.
p. 180.

4. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Negligent Driving of
Automobiles.*—Reckless or careless driving of an automobile on a
much-traveled thoroughfare of a city constitutes actionable
negligence.   p. 181.

5. MUNICIPAL CORPORATIONS.—*Use of Highways.*—*Rights of Pedes-
trians and Automobile Drivers.*—Pedestrians and automobile
drivers each have the right to pass and repass upon a public high-
way, but neither can so negligently exercise this right as to injure
the other, and each is required to regulate his own use of the high-
way by the observance of ordinary care to avoid being injured or
inflicting injury upon the other.   p. 181.

6. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Rights of Pedestrians.*
—A pedestrian, crossing a street where automobiles are passing and
repassing, is bound to exercise only that degree of care that an ordi-
narily prudent person would exercise under the circumstances, and
whether such degree of care was exercised is a question of fact to be
determined by the jury.   p. 182.

7. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Rights of Pedestrians.*
—*Negligence.*—As a matter of law, a pedestrian, who is lawfully using
a public thoroughfare need not be constantly looking or listening
to ascertain whether automobiles are approaching under the penalty
that, if he fails to do so, and is injured, his failure conclusively
charges him with negligence.   p. 183.

8. MUNICIPAL CORPORATIONS.—*Use of Streets.*—*Collisions.*—*Person-
al Injuries.*—*General and Special Verdicts.*—In an action to recover
damages for personal injuries sustained by a pedestrian who was
struck by an automobile, the jury rendered a verdict for the plain-

tiff, the complaint alleging, in substance, that the automobile was being operated at a dangerous rate of speed in excess of ten miles per hour, in a closely built-up portion of a town, and that the plaintiff was struck without warning by the machine while it was being negligently driven by an inexperienced operator. The jury found, in answer to interrogatories, that the plaintiff had started to cross the street when the automobile was thirty-five feet from her, and that she was struck when she reached a point in the street nine feet from the sidewalk; that the street was well lighted and the machine was equipped with lights; that she looked for approaching vehicles before starting to cross the street, but did not stop from the time she started to cross until she was struck by the automobile; that if she had stopped after leaving the sidewalk, she could have seen the automobile at any point between where she left the sidewalk and where she was struck. *Held*, that there was no such conflict between the answers to the interrogatories and the general verdict as to entitle the defendant to a judgment on the interrogatories, as it was for the jury to determine whether the plaintiff, in attempting to cross the street in the time and manner disclosed, exercised that degree of care that an ordinarily prudent person would have exercised. p. 183.

From Decatur Circuit Court; *Hugh Wickens*, Judge.

Action by Katherine Gruhl against Isaiah Harker. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John W. Donaker, Ralph H. Spaugh, Tremain & Turner* and *Bennett & Davidson,* for appellant.

*C. J. Kollmeyer, Julius Sharpnack* and *Osborn & Hamilton,* for appellee.

MORAN, J.—On April 5, 1913, appellee, while attempting to cross Main street in the town of Hope, Indiana, was struck by appellant's automobile, and she received severe injuries, which she alleges, in four paragraphs of complaint, were caused by the negligence of appellant, and for which she was awarded damages in the sum of $500.

The jury trying the cause returned answers with the general verdict to forty-three interrogatories. The failure of the court to render judgment

on the answers to interrogatories is the error relied upon for reversal by appellant. Many of the allegations of negligence charged are common to each paragraph of the complaint. Without attempting to state technically the theory of each paragraph of the complaint, the leading allegations of the first paragraph are that appellant at the time of the injury operated his automobile at a high and dangerous rate of speed in excess of ten miles per hour in a closely built-up portion of the town of Hope; the second paragraph alleges that appellee was without warning struck by appellant's automobile, while it was being operated in a negligent manner by an inexperienced operator; the third paragraph alleges that appellee was struck by appellant's automobile while it was being operated in a careless and negligent manner, at a rate of speed such as to endanger life and limb; and, the fourth paragraph alleges that appellant failed to warn appellee of the approach of the automobile, which would have prevented the injury.

By the answers to interrogatories, the jury found, among other things, that between the hours of nine and ten o'clock p. m., April 5, 1913, appellee attempted to cross Main street in an easterly direction, which street runs north and south through the town of Hope; that at the time she so started to cross, appellant was thirty-five feet to the south of her, and when she reached a point in the street nine feet from the sidewalk, she was struck by the automobile, which was proceeding to the north. The street was well lighted and the machine was equipped with lights, which shone brightly. That she looked for approaching vehicles before attempting to cross the street, but did not stop from the time she started to cross until she was struck by the automobile; that, if she had stopped after leaving the sidewalk, she could have seen the automobile at any

point between where she left the sidewalk and where she was struck. It is very earnestly urged by appellant that the answers to the interrogatories disclose that appellee did not exercise that degree of care that a reasonably prudent person would have exercised under the circumstances for her own safety; and that the facts thus found are so inconsistent with the general verdict that both cannot stand.

It is well settled by our practice that the scope of the inquiry as to the question presented for consideration is limited to the complaint, answer, the general verdict, and the interrogatories and answers thereto. It is equally as well settled that the general verdict necessarily finds for appellee on all the material issues involved, and that the answers to interrogatories control the general verdict only when the conflict upon the face of the record is such as to be beyond the possibility of being removed by any evidence admissible under the issues in the cause. *W. McMillen & Sons* v. *Hall* (1915), 59 Ind. App. 545, 109 N. E. 424; *Indianapolis, etc., R. Co.* v. *Lewis* (1889), 119 Ind. 218, 21 N. E. 660; *Consolidated Stone Co.* v. *Summit* (1899), 152 Ind. 297, 53 N. E. 235.

The general verdict, among other things, finds that appellant was an inexperienced operator, and that at the time of the injury he operated his automobile in a closely built-up portion of the town of Hope at a high and dangerous rate of speed; that he operated it at the rate of ten miles per hour, and at a rate of speed such as to endanger life and limb, in a careless and negligent manner, without giving any warning to travelers upon the street.

At the time the injury occurred, there was a statute (§10465 Burns 1914, Acts 1913 p. 179),

which made it unlawful to operate an automobile at a greater rate of speed than eight miles per hour in the business and closely built-up por-

4. tions of any municipality of this state. It has been held that reckless and careless riding or driving on a much-traveled thoroughfare of a city constitutes actionable negligence. *Simons* v. *Gaynor* (1883), 89 Ind. 165; *Lauson* v. *Town of Fond du Lac* (1909), 141 Wis. 57, 123 N. E. 629, 25 L. R. A. (N. S.) 40, 135 Am. St. 30.

The general verdict having established the negligence charged, the question for consideration is, Was appellee guilty of such negligence under the facts specially found as to preclude her from recovering as a matter of law? Appellant and appellee both were traveling upon the street at the time of the injury, each in the exercise of a right. As to their respective rights and reciprocal duties,

5. it may be stated generally that each had the right to pass and repass upon the street, but neither could so negligently exercise this right as to injure the other, and each was required to regulate his own use of the street by the observance of ordinary care to avoid being injured or inflicting injury upon the other. *Hennessey* v. *Taylor* (1905), 189 Mass. 583, 76 N. E. 224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396; 2 R. C. L. 1183; *Stringer* v. *Frost* (1889), 116 Ind. 477, 19 N. E. 331, 2 L. R. A. 614, 9 Am. St. 875; *Green* v. *Eden* (1900), 24 Ind. App. 583, 56 N. E. 240; *Apperson* v. *Lazro* (1909), 44 Ind. App. 186, 87 N. E. 97, 88 N. E. 99; *Hannigan* v. *Wright* (1905), 5 Pen. (Del.) 537, 63 Atl. 234.

Appellee attempted to cross a street running north and south, as aforesaid, at a much traveled part of the town of Hope, known as the public square; and when she started to cross the street, she looked for

the approach of vehicles. And when the automobile was but thirty-five feet away, there is nothing to disclose that she saw the same, nor do the answers to interrogatories show that there was no excuse for her failing to see the automobile. From aught that is disclosed in this behalf, the circumstances and the surroundings may have been such that it was impossible for her to see the same. *Lake Erie, etc., R. Co.* v. *Parrish* (1910), 46 Ind. App. 577, 93 N. E. 450. But even though it be conceded that she did see the automobile at the time, we cannot say that her conduct in attempting to cross the street was such as to prevent a recovery as a matter of law. To do so would be to hold substantially that a pedestrian attempting to cross the street where motor vehicles frequently pass and repass would

6. have to wait until the approaching vehicle had passed. This would certainly abridge the free use of the thoroughfare on the part of the pedestrian. Appellee was bound to exercise that degree of care that an ordinarily prudent person would exercise under the circumstances, but it was a question of fact for the jury as to whether she exercised such a degree of care.

From the time appellee left the sidewalk until she was struck by the automobile, it is disclosed by the answers to interrogatories that she did not look for the approach of vehicles, but this fact of itself can not preclude a recovery as a matter of law. In *Rump* v. *Woods* (1912), 50 Ind. App. 347, 98 N. E. 369, the court in condemning an instruction, which informed the jury that a foot passenger was not required to look or listen continuously for the approach of automobiles, held that, as a general rule, it must be left for the jury to say what acts constitute ordinary care and what acts do not, and further added: "It would have been error for the court to

say, as a matter of law, that ordinary care required appellee to look and listen constantly, and it was also error to instruct the jury that ordinary prudence did not require him to do so."

As a matter of law, a pedestrian who is lawfully using a public thoroughfare need not be constantly looking or listening to ascertain whether auto-

7. mobiles are approaching under the penalty that if he fails to do so and is injured his failure conclusively charges him with negligence. *Hennessey v. Taylor, supra; Gerhard v. Ford Motor Co.* (1909), 155 Mich. 618, 119 N. W. 904, 20 L. R. A. (N. S.) 232; *Robbins v. Springfield, etc., R. Co.* (1895), 165 Mass. 30, 42 N. E. 334. In *Green v. Eden, supra,* the court said: "Pedestrians passing over street crossings in a city are not required to exercise that degree of care and caution exacted of travelers at railroad crossings. * * * At railroad crossings the railroad has the right of way, while at street crossings all travelers, whether pedestrians or persons in vehicles have equal liberties and rights."

There is no such a want of harmony between the answers to interrogatories and the general verdict as to entitle appellant to judgment on the answers to

8. interrogatories notwithstanding the general verdict. Taking into consideration the entire situation of the parties and the place where the injury occurred it was for the jury to determine from all the facts and circumstances whether appellee, in attempting to cross the street at the time and in the manner she did, exercised that degree of care that an ordinarily prudent person would have exercised for his own safety. *Borg v. Spokane Toilet Supply Co.* (1908), 50 Wash. 204, 96 Pac. 1037, 19 L. R. A. (N. S.) 161, note; *Schoeller v. Metropolitan Express Co.* (1905), 108 App. Div. 226, 95 N. Y. Supp. 744; *Rattagliata v. Hubbell* (1894), 7 Misc. Rep. 103, 27

N. Y. Supp. 409; *Williams* v. *O'Keefe* (1862), 24 How. Pr. 16.

The conclusion we have reached necessitates an affirmance of the judgment.    Judgment affirmed.

NOTE.—Reported in 111 N. E. 457.  Rights and duties of pedestrians and of persons driving automobiles on highways, 4 Ann. Cas. 400; 13 Ann. Cas. 463; 21 Ann. Cas. 652; 108 Am. St. 215; notes, 25 L. R. A. (N. S.) 40; 38 L. R. A. (N. S.) 488; 1 L. R. A. (N. S.) 215; 3 L. R. A. (N. S.) 345; 20 L. R. A. (N. S.) 232; 51 L. R. A. (N. S.) 990; 28 Cyc 28, 37.