THE MERCER CASUALTY COMPANY *v.* RANES.

[No. 15,625. Filed June 29, 1938.]

*Eggeman, Reed & Cleland* and *Flanagan & Murphy,* for appellant.

*Barnett, Barnett & McNagny, Leigh L. Hunt, Mentor Kraus* and *J. A. Bruggeman,* for appellees.

CURTIS, P. J.—This was an action in the trial court upon the appellee's amended complaint in one paragraph against the appellant to which the appellant filed a general denial. Upon the issues thus made the cause was submitted to a jury for trial resulting in a verdict for the appellee upon which judgment was accordingly rendered. Along with the general verdict the jury answered certain interrogatories submitted to it by the appellant.

The appellant seasonably filed a motion for a new trial which was overruled and this appeal thereafter prayed and perfected. The only error assigned in this court is the ruling on said motion. The said motion contains many causes or grounds but the appellant in its brief expressly waives all of said specifications or grounds except numbers 1, 2, 8, and

9. They are, respectively, in substance as follows: (1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law; (8) alleged error in giving each of instructions 3, 5, and 6 tendered by the appellee (other of the appellee's instructions named in said cause are not discussed by the appellant and are thereby waived); (9) alleged error in refusing to give each of instructions numbered 1, 3, and 7 tendered by the appellant.

In the consideration of this case we are bound by the well established rule to consider the evidence most favorable to the appellee.

It shows substantially the following facts: That on December 27, 1931, the appellant through its duly authorized agent issued an automobile liability insurance policy to the estate of one A. W. Graber covering a Ford automobile belonging to said estate; that on February 15, 1932, in due course said estate sold and transferred the said automobile to one Richard D. Graber, who at that time had the title to said automobile transferred to his fiancee, Mary Macy, and at said time caused said policy of insurance to be assigned to her; that when said transfer of insurance was made to Mary Macy, the appellant's agent asked her whether or not she had the title to said automobile and she told him that she did. Richard D. Graber testified that in arranging for the transfer of insurance to Mary Macy, he told the insurance company's agent as to the change of title. There is no evidence in the record that the insurance company's agent made any further inquiries as to the actual ownership of the automobile and said agent did not testify as a witness; that at the time when the title to the automobile was placed in the name of Mary Macy and the policy of insurance assigned to her, Richard D. Graber and Mary Macy verbally agreed that either of them might thereafter drive the automobile as they

pleased and that either of them might permit anyone whom he or she regarded as responsible to drive the same; that after this arrangement had been made, Mary Macy kept the automobile part of the time and Richard Graber kept it the remainder of the time and both of them used it as they pleased; that in the spring of 1932, Richard D. Graber moved to another city and lived at the home of an uncle; that on May 6, 1932, and while the insurance policy was in full force and effect, the said Graber allowed one Herbert Weikel, who resided where the said Graber lived, to drive said automobile; that Graber testified that in his opinion the said Weikel was a competent driver; that the said Weikel while driving said automobile under the permission of the said Graber and while the said appellee Hildegard Ranes was a passenger in said car, became involved in an automobile accident; that as a result of said accident the appellee received injuries for which she recovered a judgment against said Weikel and that an execution was issued upon said judgment which was returned unsatisfied; the evidence does not disclose that Mary Macy actually knew that Weikel was driving the automobile at the time of the accident, but she did testify that she had "not directly" given him permission to drive said car; she further testified that on the day of the accident she did not actually own the automobile but that the legal title was in her name; that on June 6, 1932, Mary Macy executed a sworn proof of loss to the appellant on account of the damage to the said automobile by reason of said accident and that the appellant issued to her its draft in full payment of said damage and that the said draft was issued after an investigation of the accident by the attorneys representing the appellant; that the appellant's insurance policy indemnified the named assured and any person responsible for the operation of said automobile against loss arising by

reason of the ownership, maintenance or use of said vehicle, provided it was being used with the express or implied consent of the named assured or an adult of his household. In answer to the interrogatories, the jury specifically found that Mary Macy, the named assured, gave implied consent to the operation by the said Herbert Weikel of said automobile at the time of said accident and that said Richard D. Graber was not the owner of the automobile although he had originally purchased the same as heretofore stated.

In the companion case to this one, to wit: *Mercer Casualty Company of Celina, Ohio* v. *Kreamer,* ante 358, which case grew out of the same automobile accident, this court said (p. 361): "We have read the evidence and find that there is sufficient from which the jury was justified in finding that either Mary Macy was the owner of the automobile at the time of the collision, or that appellant waived the condition of sole and unconditional ownership by virtue of its knowledge of the ownership through its agent and by a failure on the part of appellant to rescind the policy and tender back the premium; that she had given consent and permission to Graber to drive the automobile; that she also had conferred blanket authority upon Graber to let anyone drive the automobile whom he thought was a competent driver; that thereby she empowered her agent (Graber) to permit Weikel (whom Graber testified he considered a competent driver) to drive the automobile; that Graber gave Weikel permission to drive the automobile and placed no restrictions upon the use thereof by Weikel, except that he was to call for Graber at 11:00 o'clock p. m.; that Weikel was responsible for the operation of the automobile at the time of the collision, and hence was one intended to be insured within the terms of the policy." In the above case we also passed upon and approved an instruction identical with instruction num-

ber 6 tendered by the appellee about which the appellant complains herein. The Supreme Court gave its approval to our decision by its refusal to transfer the case, a petition to transfer being denied May 21, 1938.

The controlling facts as shown by the evidence in the instant case from which a determination is made as to whether or not the verdict of the jury is sustained by sufficient evidence and is contrary to law are in legal effect identical with the facts established by the evidence in the case just cited and upon the authority of that case, we hold that the verdict herein is sustained by sufficient evidence and is not contrary to law and that there was no error in the giving of said instruction number 6 tendered by appellee. The appellant has also complained of the giving of each of instructions 3 and 5 tendered by the appellee. We have read these instructions and have failed to find any reversible error in the court's action thereon. Neither was there any error in the refusal of the court to give either of the said instructions numbered 1, 3, and 7 tendered by the appellant. Said instruction number one was a peremptory instruction to find for the appellant. Manifestly it was not error to refuse it. What we have heretofore said in this opinion makes it unnecessary to discuss said instructions 3 and 7 tendered by the appellant.

We find no reversible error. Judgment affirmed.