VOGEL v. RIDENS.

[No. 16,837.   Filed October 21, 1942.   Rehearing denied December 22, 1942.]

494

*Robert D. Markel,* of Evansville (*Wilbur S. Furlow,* of counsel, of Evansville) for appellant.

*Bex A. Trimble,* of Evansville, and *Sanford K. Trippet,* of Princeton, for appellee.

BLESSING, J.—This is an appeal from a judgment obtained by appellee against appellant for damages for personal injuries sustained by appellee, a pedestrian, who was struck by appellant's automobile, which was being operated by appellant at the time. It appears from the record that appellant was operating his automobile in a westerly direction upon Columbia street in the City of Evansville, Indiana, at approximately 11:30 p. m., on the date when the accident occurred, and that appellee was struck thereby when he attempted

to cross said Columbia street from the south side thereof to the north side, at a place which was immediately in front of his residence and which was approximately in the middle of the block, and not at a street intersection. It further appears that the accident occurred when appellee was almost across the street, not more than a foot and a half from the north curb, and that appellee suffered a broken leg, and cuts and bruises over his body.

Appellant, by his assignment of errors, complains that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. The refusal of the court to give a peremptory instruction for appellant at the close of appellee's evidence and at the close of all the evidence, is also presented, but, since this assignment also involves the sufficiency of the evidence, it will be disposed of in the consideration of that question. Error is also predicated upon the giving of appellee's instructions Nos. 6 to 13, inclusive, and 15, 19, and 20. However, appellant has failed to discuss instructions Nos. 12 and 13 in the "Propositions, Points and Authorities" portion of his brief, and hence any alleged error concerning them is waived. *Mercer Casualty Co.* v. *Ranes* (1938), 105 Ind. App. 470, 15 N. E. (2d) 746.

In presenting the question that the verdict is not sustained by sufficient evidence and is contrary to law, appellant insists that there is a total failure of proof that he was negligently driving his autobile in excess of 60 miles per hour, or at any unreasonable rate of speed, or that control thereof was lost, as alleged by appellee, and that the conduct of appellee in crossing the street at a point other than a cross walk shows proximate contributory negligence as a matter of law. In determining these contentions,

only the evidence most favorable to appellee will be considered.

As to the question of speed of appellant's automobile, there was testimony of many witnesses, who were neighbors of appellee, that at the time of the accident they were awakened by the sliding and screeching of tires and the squeaking of brakes on Columbia street in the block where appellee resided, and that they heard a "thump" or noise that sounded like a collision; that thereafter they went to the scene of the accident and observed appellee lying on the lawn by the curb on the north side of the street and that he was injured. It is not denied by appellant that his automobile struck appellee. These witnesses testified that appellant's automobile was stopped with the right front wheel a few inches from the north curb and the back of the automobile out further in the street, so that it was at an angle toward the north, or to appellant's right. They, and other witnesses, also testified that there were black tire skid marks on the street extending back from appellant's automobile a distance of from 70 to 75 feet. Some of the witnesses stated that the marks were so heavy and prominent that they remained visible for three days thereafter and until it rained. It is uncontradicted that Columbia street is an improved street and that on the night of the accident the street was dry and the weather clear. Two witnesses, after stating their knowledge of and experience with automobiles and the operation thereof, testified that if an automobile such as appellant was operating, equipped with the type of brakes that were admittedly thereon in good condition, were traveling on an improved street at a time when the surface was dry, and skidded a distance of approximately 70 feet when the brakes were applied in an effort to stop, the automobile would have to be

traveling between 70 and 85 miles per hour. Appellant does not deny that he applied his brakes in an effort to avoid hitting appellee, but his evidence is merely contradictory as to how far his automobile skidded.

In view of such evidence, we cannot agree with appellant that there was no evidence as to excessive speed, but we are of the opinion that the jury had a right to draw an inference therefrom that appellant was operating his automobile in excess of 60 miles per hour. While it is true that the only direct evidence of speed is that given by appellant, which is in conflict with the evidence above recited, yet the evidence of these witnesses was competent, and is sufficient to support the jury's conclusion on that issue. The rule is so well established that this court will not weigh the evidence and substitute its judgment for that of the jury as to need no citation of authority.

Appellee testified that he attempted to cross Columbia street from the south side thereof approximately in the middle of the block at a place where an old driveway runs off the sidewalk from in front of St. Mary's Hospital, and that he proceeded north directly toward his home on the north side of the street; that before he stepped off the driveway he looked to the left and saw nothing and then to the right and saw appellant's automobile coming west, and that at the time it was 250 or 260 feet from him; that he thought he had plenty of time to cross the street, which is 30 feet wide; that he didn't look any more until he heard the screech of brakes, when he was about 10 feet from the north side of the street, and at that time the automobile was within four or five feet of him; and that he tried to run and was running when he was hit. Also it should be noted that appellant testified that when he first saw appellee, he was standing in the middle of the street

at a point even with the driveway into St. Mary's Hospital, and at that time he was 35 or 40 feet away from appellee; that he did not see appellee when he (appellant) was at the restaurant about 200 feet away because he was looking in front of his car and appellee was over on the sidewalk. Appellant further testified that he was traveling 25 to 30 miles per hour, and that the skid marks caused by his attempting to stop to avoid hitting appellee were 25 to 30 feet long.

Appellant urges that appellee's conduct in failing to again look toward his right sooner than he did and in proceeding directly in the path of the automobile, at a place other than a crosswalk, was in violation of Acts 1939, ch. 48, p. 289, regulating pedestrian traffic and requiring a pedestrian in certain instances when he is crossing a street in the middle of a block to yield the right of way to all vehicles, and as such constituted negligence *per se,* and hence the evidence shows that appellant was guilty of proximate contributory negligence as a matter of law, preventing his recovery against appellant.

With this contention we cannot agree. Assuming, without deciding, that appellee was crossing the street under circumstances which required him to yield the right of way to vehicles, as contemplated by the statute referred to, yet there is evidence positively disclosing that appellant was operating his automobile at an excessive rate of speed in violation of law, and hence the question of which negligent violation of law, if either, was the proximate cause of the injury would be for the jury to determine. In such case, both parties would be guilty of negligence *per se,* but the liability therefor depends upon whether the negligence of either or both proximately contributed to the injuries sustained. Contributory negligence such

as defeats recovery must be such as proximately contributes to the injury complained of. *Davis* v. *Dondanville* (1940), 107 Ind. App. 665, 26 N. E. (2d) 568; *Cousins* v. *Glassburn* (1940), 216 Ind. 431, 24 N. E. (2d) 1013. The pedestrian statute referred to cannot be said to create such a right of way in a motorist over a pedestrian in all cases as to operate to relieve him from liability where his negligent operation of his automobile is the sole proximate cause of an injury to a pedestrian. It is also to be observed that appellee had a right to assume that appellant would use ordinary care to avoid injuring him. *Tonges* v. *Walter* (1941), 109 Ind. App. 41, 32 N. E. (2d) 95; *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. (2d) 330. Under the state of the record before us, the question of negligence and contributory negligence, if any, which proximately contributed to the injuries of appellee was properly submitted to the jury to determine from the conflicting evidence as to speed and distances involved. The jury, by its verdict, found in effect that appellant's negligence was the proximate cause of the injuries, and that appellee's negligence, if any, did not contribute thereto. It is our opinion that the facts disclosed are such that different conclusions might be drawn by prudent persons as to the cause of the injuries, and hence the question of proximate cause was for the jury to determine. *Continental Casualty Co.* v. *Lloyd* (1905), 165 Ind. 52, 73 N. E. 824; *Vandalia R. Co.* v. *Kendall* (1918), 68 Ind. App. 1, 119 N. E. 816.' The jury having decided that issue against appellant, its conclusion cannot be disturbed. *Koplovitz* v. *Jensen* (1926), 197 Ind. 475, 151 N. E. 390.

The decision is sustained by sufficient evidence and

is not contrary to law. This being true, it follows that the court committed no error in refusing to give a peremptory instruction for appellant.

By instruction No. 6, tendered by appellee and given by the court, the court merely quoted the provisions of Acts 1939, ch. 48, § 55 (a) concerning speed of motor vehicles and the duty to restrict speed to avoid collisions. Appellant's objection that the jury was not left to determine whether the law was applicable to the case is not well taken, since the court simply stated that the statute was in effect at the time of the collision, and then added that "so far as it applies to this case reads as follows." Under the evidence submitted, it cannot be seriously doubted that it was applicable. The contention that by the instruction the jury was told that there was an absolute duty to avoid a collision merely finds fault with the statute. Appellant also objects that § 55 (d) of the statute was applicable and that an instruction thereon should have been given. However, if he desired a more complete statement concerning the statute, it was his duty to tender it. *Winston* v. *Kirkpatrick* (1941), 110 Ind. App. 183, 37 N. E. (2d) 18.

Instruction No. 7 quoted Acts 1939, ch. 48, § 55 (c), which states that any speed in excess of 20 miles per hour in any business district and 30 miles per hour in any residential district "shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful," and then told the jury that if it found that appellant was driving in a residential district at a rate of speed in excess of 30 miles per hour, then such speed would be considered "prima facie not reasonable or prudent but unlawful." Appellant's interpretation of this instruction as inform-

ing the jury that the speed in excess of 30 miles per hour would be unlawful instead of merely *prima facie* evidence of an unlawful speed is not tenable. The quoted words above disclose the error of that reasoning. The instruction is not rendered erroneous, as contended by appellant, for failing to state that the burden of proving negligence as the proximate cause remains on plaintiff, since other instructions, tendered by both appellant and appellee and given by the court, fully covered that issue. As to the failure of the court to include the statutory definitions of business and residential districts, again it was appellant's duty to tender an instruction pertaining thereto, if he desired that one be given.

Instruction No. 8 stated that even though appellee was walking across a street other than at a regular street crossing, that fact would not in itself be contributory negligence which would defeat his cause of action, providing it should be found that he was at the time in the exercise of due care and caution for his safety. We can see no harm in this instruction for failure to include the statutory duty of a pedestrian to yield the right of way, since, by instruction No. 22, tendered by appellant and given by the court, the jury was told that "pursuant to the law of this state, a pedestrian crossing a city street at any point other than at an intersection shall yield the right of way to all vehicles upon such street." This instruction further stated that if it should be found that appellee did so cross the street at such a place and failed or refused to yield the right of way to appellant's automobile, then he would be guilty of negligence, which if it proximately caused or contributed to his injuries would prevent his recovery, even though appellant was guilty of some negligence. Furthermore,

the court gave five other instructions tendered by appellant on the subject of contributory negligence, which fully covered the subject-matter. It is to be observed that the instruction given at appellant's request was even more favorable to him than that to which he was entitled, since the statute states that pedestrians shall not cross at any place except a marked crosswalk "between adjacent intersections at which traffic control signs are in operation." The undisputed evidence in the instant case reveals that there was a traffic control signal in operation at the next adjacent intersection to appellee's left, but none to his right.

Appellant complains of instruction No. 9, which states the rule that drivers of automobiles are bound to use ordinary care in the operation of their automobiles to prevent injuries to pedestrians who are in the exercise of ordinary care for their own safety, and that a driver who fails to do so will be liable for damages, provided the person injured is himself free from fault. In view of the many instructions given in this case correctly covering the subject of proximate cause, contributory negligence and burden of proof, this instruction is not subject to the objections urged by appellant.

In instruction No. 10, it was stated that the jury, if it found that after the brakes were applied on appellant's automobile, it skidded some 70 feet, then it could take into consideration the length of the skid marks in determining the rate of speed appellant was traveling. We are unable to see how this statement "emphasizes particular items of testimony to the exclusion of other material testimony," as contended by appellant. The instruction was proper under the evidence submitted.

What we have said with reference to instruction

No. 8 is applicable to No. 11, objected to by appellant, which stated that a pedestrian has just as much right in the street as those driving automobiles, providing he is exercising reasonable care for his own safety. There was accordingly no error in this instruction.

Instructions Nos. 15 and 19 were upon the subject of the care required of the driver of an automobile and his duty to avoid injury to others when danger may be expected or is apparent, including the duty to slacken speed and to have the automobile under control. Without unduly prolonging this opinion by setting out the instructions, suffice it to say that considering the issues involved in the case, and considering the other instructions given by the court on this subject, these instructions were proper and not erroneous. The same may be said of instruction No. 20 concerning the care required of appellee in crossing the street.

From a careful examination of the record and briefs, it is apparent from the instructions considered together and as a whole that the jury was fairly and fully instructed upon all the issues of the case, and hence there is no reversible error in the giving of instructions. *Hueseman v. Neaman* (1937), 103 Ind. App. 238, 6 N. E. (2d) 723. In fact, it appears that in an attempt to adequately and properly instruct the jury both for appellant and appellee, many more instructions were given by the court than were necessary to cover the issues involved.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 44 N. E. (2d) 238.