## DULIN v. LONG

[No. 17,229.   Filed May 5, 1944.   Rehearing denied June 15, 1944.   Transfer denied October 11, 1944.]

*E. S. Huggins* and *Claycombe & Stump,* all of Indianapolis, for appellant.

*Seth J. Ward* and *Richard Smith,* both of Indianapolis, for appellee.

DRAPER, J.—Action by appellee against appellant to recover damages for personal injuries. Verdict for $2,500 and judgment accordingly. Appellant assigns error in overruling his motion for new trial.

The accident occurred in a closely built up business district in the City of Indianapolis which is situated as here depicted: (See map, p. 97.)

The evidence considered in its entirety and not piecemeal, would justify the jury in finding that the appellee stepped from between several cars parked along the curb on the west side of Northwestern Avenue, at a point some seven or eight feet north of the north sidewalk line of 27th Street east of Northwestern Avenue if extended. He walked six or eight feet into the street and looked both ways for traffic. A car parked to his left pulled out behind him. He took one or two more steps into the street, stopped and looked north and saw nothing, looked south, looked north again while still standing and was almost immediately struck by appellant's car which had approached from the north at 20 to 25 miles per hour, had then slowed somewhat, and was about four feet from him and too close for him to avoid it when he first saw it. In stopping, the car skidded eight to 10 feet. It was about noon of a clear day, automobiles were passing in either direction, and the evidence places a woman and a boy in the street near, but not with appellee at the time of the accident. He heard no warning horn.

The appellant's version of the accident is that he first saw appellee when he was about 20 feet from

him and driving 20 to 25 miles per hour. The appellee was eight or nine feet into the street from the curb, standing still and looking north. Appellant slowed his car, sounded his horn and assumed that the appellee had seen him and would not proceed further, but instead the appellee quickly walked or ran into the side of the car despite the fact that appellant swerved to the left in an effort to avoid him.

The appellant contends that the evidence fails to show any negligence on his part constituting the proximate cause of appellee's injury. He also insists that appellee was guilty of contributory negligence as a matter of law, and he asserts that one who walks into the path of an oncoming vehicle which he has as good an opportunity to see as the driver would have to see him, or who suddenly leaves a place of safety and places himself in the path of a vehicle so close that it is impossible for the driver to yield, is guilty of contributory negligence. However, the evidence most favorable to the appellee, which is the only evidence that we may consider, does not present the occurrence in that light.

The complaint charges the appellant, among other things, with negligently failing to keep a proper lookout in the direction in which he was proceeding and in negligently operating his car at a high rate of speed. Under the evidence the jury might well have found that appellee was struck as a result of appellant's failure to keep a proper lookout for pedestrians who might be crossing or standing in this busy business-street at noon on Saturday, and they might as well have found appellee's injuries to have resulted from a violation of the speed regulations of this state as prescribed in § 47-2004(a), Burns' 1940 Replacement, which provides that:

"No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so restricted as may be necessary to avoid colliding with any person, or vehicle or other conveyance on or near, or entering the highway in compliance with legal requirements and with the duty of all persons to use due care."

See *Red Cab, Inc.* v. *White* (1938), 213 Ind. 269, 12 N. E. (2d) 356. To determine whether the appellee had stood motionless and in plain view in the street for a sufficient period of time so that a motorist in the exercise of due care could and should have seen him and stopped or otherwise avoided him was within the exclusive province of those having the duty to find the facts.

The appellee was not attempting to cross at a crosswalk as defined by our statutes (§ 47-2033 Burns' 1940 Replacement), and appellant insists that appellee was negligent in failing to yield the right of way to appellant in accordance with the requirements thereof. Assuming that appellee was crossing the street under circumstances which required him to yield the right of way to vehicles, in accordance with the statute referred to, and that he failed to do so and was therefore himself guilty of negligence, it was still the province of the jury to determine whether such negligence proximately contributed to his injuries so as to defeat a recovery. In the case of *Vogel* v. *Ridens* (1942), 112 Ind. App. 493, 44 N. E. (2d) 238, Judge Blessing in discussing the same statute well said:

"The pedestrian statute referred to cannot be said to create such a right of way in a motorist over a pedestrian in all cases as to operate to relieve him from liability where his negligent operation of his

automobile is the sole proximate cause of an injury to a pedestrian."

The appellant asserts that appellee was contributorily negligent in failing to observe and heed the approach of appellant's automobile, he having good eyesight and having looked in the direction from which appellant was coming. That question, too, as well as the question of whether such negligence on the part of appellee, if proven, proximately contributed to his injuries so as to defeat a recovery, was exclusively for the determination of the jury under conflicting evidence in this case as to the exact place in the street where the accident occurred, whether appellee was standing or running when injured, the speed of the automobile, the density of the traffic, the sounding of horns, the time element involved and other matters. It is only where the controlling facts are not in dispute and are susceptible of but one conclusion on the part of reasonable men, that the question presented becomes one of law for the court. *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. (2d) 284.

The appellant complains of the refusal of the court to give his tendered instruction No. 26. This instruction would first have told the jury that one having an unobstructed view of the approach of an automobile who thereafter walked into the path of or against the side of it, thereby suffering injuries, could not recover from the driver of the vehicle, and would then have proceeded to make an application of the rule to the facts as testified to by the appellant and several of his witnesses. The appellee insists that no question is presented because of the failure of the appellant to object to the ruling of the court in refusing to give it. The action of the court in refusing a properly

tendered instruction automatically furnishes the party tendering it with an exception to that ruling, without the making or entry of any objection thereto. See Rules 1-5 and 1-7 of the Supreme and Appellate Courts, 1940 Revision. The soundness of this instruction is not challenged by the appellee, and it is unnecessary for us to determine whether it is in all respects correct. The theory and substance of it were fully covered by other instructions tendered by the appellant and given by the court, notably Numbers 18 and 19, and there was, therefore, no error in refusing it.

It is contended that the damages assessed by the jury are excessive. The evidence discloses that the appellee was 70 years of age and regularly employed at a salary of $90.00 per month. He suffered a broken hip, and remained in a cast with a weight attached to his leg for nearly three months, then walked with crutches for about two and one-half months. The injury is permanent, the injured leg being shorter than the other and causing him to walk with a limp. He suffered much pain and discomfort, has been unable to do any work since the accident, and will hereafter be unable to do the type of work for which he is fitted. We cannot say under these circumstances that the amount fixed is so large that it cannot be explained on any reasonable hypothesis other than prejudice, passion, partiality, or corruption, or that some improper element was taken into account in arriving at the amount awarded, and we are therefore not at liberty to disturb it. *Oberlin* v. *Pyle* (1943), 114 Ind. App. 21, 49 N. E. (2d) 970.

The only other question presented had to do with the admission of certain evidence over the objection of the appellant. In our opinion it is not of controlling importance in the case, and this fact was admitted by

appellant in oral argument. We therefore pass it without further comment.

The evidence in this case is sharply conflicting. Much of it sustains appellant's theory of the manner in which the accident occurred, and on paper it would appear to preponderate in favor of that theory, but it is not within our province to weigh the evidence and determine where the preponderance lies. That duty rests squarely upon the shoulders of the trial court, and we must presume that he has faithfully and courageously discharged it. By the overruling of the motion for new trial, he has in effect said that he thinks the weight of the evidence justifies the verdict. *State ex rel. Winslow* v. *Fisher, Clerk* (1941), 109 Ind. App. 644, 37 N. E. (2d) 280. There being substantial evidence to sustain the verdict, and finding no reversible error, we are required to affirm the judgment. So ordered.

NOTE.—Reported in 54 N. E. (2d) 652.