MCALLISTER v. BUTLER, ADMINISTRATRIX.

[No. 20,256. Filed October 19, 1966. Rehearing denied December 1, 1966.]

*James T. Hooper,* of Lawrenceburg, and *Robert C. Riddell* and *Locke, Reynolds, Boyd & Weissel,* both of Indianapolis, for appellants.

*Harry A. Wilson, Jr.,* and *Howard J. DeTrude, Jr.,* both of Indianapolis, for appellee. *Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, of counsel, for appellee.

PRIME, J.—The appellee-plaintiff, Jack Butler, in the original action below, is deceased and this court, by order, authorized the substitution of Sammie Joan Butler, Administratrix of the Estate of Jack Butler, deceased as party-appellee.

The motion by appellee to dismiss or affirm having been held in abeyance and the court being properly advised, now denies said motion and petition to dismiss or affirm.

To proceed to the merits we find the following facts in the record:

"On May 20, 1960, the Appellee filed his complaint in the Dearborn Circuit Court to recover damages for personal injuries received in an automobile accident on October 4, 1958, alleging therein that the defendant was negligent in the operation of a motor vehicle on a public highway in the State of Indiana. The Appellant filed an Answer denying the allegations of the complaint. The Appellee alleged in this complaint that on the 4th day of October, 1958, he was driving a tractor trailer unit on U.S. Highway No. 52 in a Southeasterly direction, and the Appellant was operating her automobile in a Northwesterly direction on U.S. Highway No. 52, each vehicle approaching a bridge; that the Appellee was blinded by the bright lights of Appellant's car and was crowded by the Appellant into and against the side of the bridge; the negligence as alleged in the complaint charges the appellant with six specific acts of negligence: (a) Failure to keep proper lookout. (b) Failure to maintain control of the vehicle. (c) Failure to yield right

of way. (d) Failure to dim bright lights. (e) Driving her automobile to left of center. (f) Operating vehicle at high rate of speed. The injuries alleged to have been suffered by the Appellee were cuts, lacerations, injuries to brain, hands and forearms, and shock.

The trial was had before a jury in the Dearborn Circuit Court, and after deliberation of the jury a verdict was returned against the appellant for the amount of $12,365.00. Thereafter, the court entered judgment for the amount of $12,365.00.

The appellant filed a motion for a new trial which was overruled by the court and this action is the error assigned.

The grounds of the motion are (1) lack of sufficient evidence, (2) verdict is contrary to law, (3) error by the court in not giving Defendant's Instructions 1 through 6, and (4) error in giving Plaintiff's Instruction 18.

We believe the record sets out sufficient evidence to support the verdict of the jury and the judgment of the court and that the jury arrived at a decision within the law after weighing the evidence presented to them. This court cannot reweigh the evidence and substitute our judgement for that of the jury where there are disputed facts. If the facts and evidence had been all one way and the jury arrived at a verdict which was patently contrary to good judgment and equity, then we may consider an assignment that the judgment is contrary to law. The record here will not support such a consideration on our part.

Defendant-appellant argues that the trial court's refusal to give his tendered instructions #1, 4 and 5 destroyed his theory of the case. Each litigant is, of course, entitled to present his theory of the case. Appellant's theory in the case before us was contributory negligence on the part of appellee. The above instructions refer to the duty to observe and heed traffic signs. This duty, following appellant's contention, was breached by appellee in failing to see or observe the sign which read "narrow bridge." Appellant contends that such a breach constitutes contributory negligence as a matter of law.

Contributory negligence as a matter of law is well defined in *Connor* v. *Jones* (1944), 115 Ind. App. 660, 59 N. E. 2d 577, where the court stated:

"It is ingrained in the jurisprudence of this state that contributory negligence is ordinarily a question of fact for the jury and it is only where the controlling facts are not in dispute and are susceptible of but one conclusion upon the part of reasonable men that the question becomes one of law for the court. *Vogel* v. *Ridens* (1942), 112 Ind. App. 493, 44 N. E. 2d 238; *Dulin* v. *Long*, supra, [(1944), 115 Ind. App. 94, 54 N. E. 2d 652], *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. 2d 284."

The test for determining contributory negligence is enunciated in *Fields* v. *Hahn* (1940), 115 Ind. App. 365, 375, 57 N. E. 2d 955. Here, the Court held:

"The test of contributory negligence, like that of negligence, is whether ordinary care was exercised under the circumstances. *Hedgecock* v. *Orlosky* (1942), 220 Ind. 390, 44 N. E. 2d 93. The degree of care required is always the care which an ordinarily prudent person would exercise under the same or similar circumstances, and whether such care has been exercised in a given case is a question of fact for the jury to determine. *Jones* v. *Cary* (1941), 219 Ind. 268, 37 N. E. 2d 944; *Harker* v. *Gruhl* (1916), 62 Ind. App. 177, 111 N. E. 457."

The trial court adequately defined contributory negligence in its instruction #11, 20 and 21; and satisfactorily set out the duty of both drivers to exercise ordinary care in its instructions #16, 17, 18 and 19. This general duty includes the specific duty of heeding all traffic signs. The statutory duty as defined by Burns' § 47-1904 is a duty to obey or heed such signs. Nowhere in the statute does there appear a reference to actually looking at any highway traffic control sign. Appellant would have us hold that a motorist who fails to observe each and every sign on the road is guilty of contributory negligence as a matter of law. To hold that line would invade the province of the jury to decide the negligence of either party.

We believe that the instructions given by the court were clear and that they covered the points set out in the instructions tendered by the appellant. These instructions emphasized some particular and specific fact that the appellant wanted to stress. The court did not err in refusing to give such specific instructions so long as the points were covered in other general instructions. See *Alexander* v. *Alexander* (1966), 7 Ind. Dec. 377, 384, 138 Ind. App. 443, 212 N. E. 2d 911.

The giving of Plaintiff's Instruction 18 by the court is urged as error by the appellant. This instruction concerns the standard of judgment required in a sudden emergency, which judgment is somewhat less than that required when there is time to deliberate before choosing a course of action. The appellant argues that the bridge which was struck by the appellee had always been in that location and that its existence was known to the plaintiff and therefore created no sudden emergency. However, the fact that the appellant was over the center line and that her lights were on bright beam created a situation which was not normal and could fairly be defined as an emergency. In such case Instruction 18 was proper. *Wabash R. Co.* v. *Bixby, Adm.* (1928), 88 Ind. App. 52, 53, 163 N. E. 231.

"Instruction 10 given by the court on its own motion was to the effect that when a person is, by the negligence of another, placed in a position of peril, and is compelled to make choice between hazards and is injured, the fact that he would not have been injured had he chosen the other hazard would not of itself show negligence, correctly states the law upon that subject."

In *Chicago, etc., R. Co.* v. *Luca* (1930), 91 Ind. App. 521, 525, 170 N. E. 564, the Court held:

"Another principle of the law of negligence applicable to the facts in this case is that contributory negligence will not be imputed to one because he adopts an unwise course, where such unwise course was the result of sudden peril caused by the negligence of another."

We conclude that this case was fairly and properly tried and that the judgment was supported by sufficient evidence and was not contrary to law.

The instructions given by the court were comprehensive and covered the issues properly.

No other error being assigned and no other being found, the judgment is hereby affirmed.

Carson, Faulconer, J.J., and Wickens, P.J., concur.

NOTE.—Reported in 220 N. E. 2d 540.