Domingo MALDONADO, Jr., a minor, by his mother and next friend, Rose MALDONADO and Rose Maldonado and Domingo Maldonado, Appellants (Plaintiffs Below),

v.

Alton GILL, Appellee (Defendant Below).

No. 3–1085–A–285.

Court of Appeals of Indiana, Third District.

Jan. 29, 1987.

Rehearing Denied Mar. 23, 1987.

Delmar P. Kuchaes, Chudom & Meyer, Schereville, for appellants.

Jay A. Charon, Kathleen M. Maicher, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellee.

STATON, Judge.

In the late afternoon of June 28, 1979, eight year old Domingo Maldonado, Jr. (Domingo) was struck by a car as he attempted to cross the street in front of his home. As a result of this accident, Domin-

go received serious injuries to his leg requiring repeated periods of hospitalization. Domingo and his parents brought an action against Alton Gill (Alton), the alleged driver of the car involved in the accident.

During the jury trial, at the close of Domingo's case in chief, the trial court granted Alton's Indiana Rules of Procedure, Trial Rule 50 motion for judgment on the evidence. The trial court held that Domingo did not introduce any evidence that Alton was the driver of the car that struck him and concluded that he did not sustain his claim. Too, the trial court held that Domingo was contributorily negligent.

The issues we must address are as follows:

(1) Was the evidence sufficient to establish that Alton was the driver of the automobile that struck Domingo,

(2) Was Domingo contributorily negligent; and

(3) Did the trial court erroneously exclude the testimony of one of Domingo's witnesses because that witness failed to attend a deposition noticed by Alton.

Reversed.

## I.

### Driver's Identity

Our task in reviewing the first challenge to the trial court's action is to consider evidence from a perspective which is most favorable to the nonmovant, in this case, Domingo. After viewing the evidence this way, along with all reasonable inferences drawn therefrom, we must determine whether there is evidence of probative value to support each element of the claim to justify its submission to the jury. *Whisman v. Fawcett* (1984), Ind., 470 N.E.2d 73, 79.

In his opening statement, Gill's counsel intimated that Alton was driving the car that struck Domingo. Domingo argues that these statements are admissions of

fact that identify Alton as the driver of the car that struck him. Although Alton's counsel points out that his opening statement did not contain an admission that Alton was a negligent driver, the only admission Domingo argued for is the fact that Alton was the driver.

In *Lystarczyk v. Smits* (1982), Ind. App., 435 N.E.2d 1011 (Hoffman, J., concurring), this Court addressed the issue of attorney's remarks during opening statement. In that case, we held that an attorney can make an admission during opening statement that is binding upon his client and relieves the opposing party of the duty to present evidence on that issue. A mere outline of anticipated proof, however, is not to be regarded as a binding admission; nor is a statement which contains ambiguities or doubt. *Id.* at 1014.

In the instant case, our review of the opening statement reveals that the attorney's remarks did not ambiguously identify Alton as being the driver of the car, nor do we regard this fact to be part of anticipated proof. From the attorney's remarks, it was clear that Alton was the driver of the car that struck Domingo, and it was error for the trial court to rule that he did not sustain the burden of proof of this element of his claim. *State v. Lewis* (1982), Ind., 429 N.E.2d 1110, 1114, *cert. den.*, 457 U.S. 1118, 102 S.Ct. 2921, 73 L.Ed.2d 1331 (to properly grant a T.R. 50 motion there must be a complete failure of proof of a material element).

## II.

### Contributory Negligence

Our review of the evidence most favorable from Domingo's perspective, as called for by the teachings in *Whisman, supra,* 470 N.E.2d at 79, is that he looked both ways before stepping out into the street from in-between two parked cars.[1]

The trial court in the case at bar ruled that, as a matter of law, Domingo was contributorily negligent. This ruling was based on *Smith v. Diamond* (1981), Ind.

---

**1.** Both Domingo and his brother testified that Domingo looked both left and right before starting to cross the street.

App., 421 N.E.2d 1172, 1175 (judgment on the evidence is appropriate where, based on undisputed facts, a plaintiff virtually admits his own negligence). In *Smith,* a child who was struck by a car looked to the left and saw a car, waited for it to pass, and then proceeded across the street without looking to his right. *Id.* at 1174. The child in *Smith* stated that he did not look in the direction of the oncoming car before starting to cross. This is not what happened in the instant case.

█ Here, there was evidence that Domingo looked both ways before starting across the street. Jimmy Maldonado testified that the car that struck his brother failed to stop at a stop sign a short distance from the accident site, and it was traveling fast when it struck Domingo. The impact knocked the boy "about three houses down." (R. 233). Given that evidence, it was error for the trial court to hold, based on *Smith,* that Domingo was contributorily negligent as a matter of law. In *Smith* the child admitted his negligence, whereas in the case at bar there is no such admission. In our view, the uncontroverted evidence that Domingo stopped and looked before attempting to cross the street is sufficient to create an inference that he acted reasonably. Ultimately, whether or not Domingo's behavior constituted contributory negligence is a question of fact.

Our conclusion is that the action of the trial court was not appropriate under *Smith* or T.R. 50 because the question of whether Domingo was contributorily negligent is an unresolved factual one. It is well settled that where the facts are subject to more than one inference, contributory negligence is generally a matter for the jury. It is only where the facts are undisputed that the question of negligence becomes one of law. *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205, 207 (DeBruler, J., dissenting) (citations omitted). *See also, Vogel v. Ridens* (1942), 112 Ind.App. 493, 44 N.E.2d 238, 242, *reh. den.* (discussion of contributory negligence and proximate cause in the jaywalking context).

Additionally, Gill insists that Domingo was contributorily negligent as a matter of law because he violated two statutes by crossing in the middle of the street and not yielding the right of way to an oncoming vehicle. I.C. 9–4–1–87(b) and I.C. 9–4–1–88(a).

█ In a recent case involving a child struck by a vehicle, in which these same statutes were at issue, it was held that the violation of a statute by a child must not be considered in the light of any presumption of negligence. *Baller by Baller v. Corle* (1986), Ind.App., 490 N.E.2d 382, 385 (Buchanan, C.J., dissenting). Rather, the correct standard for a child between seven and fourteen is for the child to exercise due care for his own safety under the circumstances and that the care required is to be measured by that ordinarily exercised under similar circumstances by children of the same age, knowledge, judgment and experience. *Id.* In the instant case, the evidence was that Domingo looked before starting across the street. Whether that precaution satisfied the standard of care for an eight year old boy is a factual question. That question should not have been decided as a matter of law in a motion for judgment on the evidence since it is for the jury to resolve. *See State v. Lewis, supra,* 429 N.E.2d at 1114 (judges should not weigh credibility or weigh evidence when deciding a T.R. 50 motion). Consequently, the trial court invaded the province of the jury.

### III.

### *Witness Exclusion*

Since we have concluded that there must be a new trial, we need not determine whether testimony of a witness was erroneously excluded.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

GARRARD, P.J., and HOFFMAN, J., concur.